ANNA M. LOVE v. FERDINAND C. BLAUW.

No. 11,512.*    (59 Pac. 1059.)

1. CONVEYANCE—*Deed Construed.*  A written instrument examined, and held to be a deed and not testamentary in character.

2. TITLE AND OWNERSHIP—*Partition.*  The owner of a life-interest in lands cannot maintain an action of partition against the owners of the estate in remainder.  A decree in such case, setting over a part of the property to the plaintiff, a life-tenant, in fee simple, is wholly void.

---

*For opinion by court of appeals, see 9 Kan. App. ——, 57 Pac. 258.—REP.

Error from court of appeals, northern department;
JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-
ELROY, judges.    Opinion filed February 10, 1900.
Reversed.

### STATEMENT.

CATHERINE BLAUW and her husband, Ferdinand,
executed, in due form, a deed to the real estate in
controversy in the following terms :

"WHEREAS, Captain Joseph Parks, deceased, a
Shawnee Indian, as a reservee under the treaty of May
10, 1854, concluded between the United States govern-
ment and the Shawnee tribe of Indians in Kansas, re-
ceived in his lifetime a patent from the government of
the United States to the land hereinafter described
( together with other lands) and said land (with other
lands) at the death of said Parks descended to said
Catherine Swartzell and her sister, Rebecca Vogel,
granddaughter of said Parks, and to one, Sally Rogers,
a daughter of said Parks ; and, whereas, said Cathe-
rine Swartzell succeeds to all the estate in and to said
lands hereinafter described by regular conveyance
from the other heirs ; and, whereas, said Catherine
has now living with her three sons by her former
husband, John T. Swartzell, deceased, namely, Charles
T. Swartzell, John A. Swartzell, and Elmer O. Swart-
zell, all minors of tender years ; and, whereas, said
Catherine has recently intermarried with one Ferdi-
nand C. Blauw ; and, whereas, said Catherine Blauw,
being desirous of making provision for her said named
children after her death, her said husband consenting
thereto, by joining with her in this conveyance : Now,
therefore, know all men by these presents, that Cathe-
rine Blauw ( formerly Swartzell ) and Ferdinand C.
Blauw, her husband, in consideration of the sum of
five dollars to them paid, the receipt of which is here-
by acknowledged, and for the love and affection the
said Catherine bears to her said named children, doth
hereby grant, bargain, sell and convey unto the said

32—61 KAN.

Charles T. Swartzell, John A. Swartzell and Elmer O. Swartzell, and to their heirs and assigns, the following-described real estate situate in Johnson county and state of Kansas, to wit:   [Then follows a description of the land.]

"The estate in said lands and tenements not to vest in said named grantees and their heirs until the death of said Catherine Blauw, she reserving in herself a life-estate therein.   To have and to hold unto the said named grantees and their heirs from and after the death of the said Catherine Blauw, and their heirs and assigns forever.

"In Witness Whereof the said named Catherine Blauw and Ferdinand C. Blauw have hereunto subscribed their hands and seals this 4th day of February, A. D. 1882.   Catherine Blauw.      [seal.]
Ferdinand C. Blauw.   [seal.]"

In September, 1884, Catherine Blauw filed a petition in the district court against said minors, Charles T., John A. and Elmer O. Swartzell, as defendants. The petition recites the said convenance of the land by herself and husband to the minor children, and the record of the same, and avers that each of said minors is the owner of an undivided one-third interest in the land so conveyed, subject to a life-estate in the plaintiff.   It prays that the court determine the value of her life-estate ; that partition be made of said lands, and so much thereof as should be found to be the value of the life-estate of plaintiff be set apart to her. On the final hearing of the cause, the court found that said minors were vested with a fee-simple title to the land, and that Catherine Blauw was vested with a life-estate therein ; that she was at the time forty-three years old, and that she desired to have the value of the life-estate determined and elected to have the same set out to her.   Appraisers were then appointed by the court to value and divide the property upon actual

view and report to the court. They reported as follows :

"And now at this day come J. G. Martin, Philip Reinhart, and George Thomas, commissioners appointed by the court to make partition of the lands described in the order of the court, and hereinafter described, and to divide the land between the parties in the proportion of seven thousand seven hundred and eighty-eight and $\frac{41}{100}$ ($7788\frac{41}{100}$) dollars, the value of the plaintiff's life-estate therein, and five thousand nine hundred and twelve and $\frac{24}{100}$ ($5912\frac{24}{100}$) dollars, the interest of said defendants in said lands, and to set out to them their respective shares out of the lands as heretofore appraised at the appraised value thereof, and herewith submit their report as follows :

"We set out to Catherine Blauw the following tracts namely : The S. $\frac{1}{2}$ of the N. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section three (3), ten acres, appraised at sixteen hundred and twenty dollars ($1620). The S. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section three (3), 20 acres, appraised at thirty-four hundred dollars ($3400.00). The S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section two, $19\frac{9}{100}$ acres, appraised at thirteen hundred and thirty-six $\frac{25}{100}$ dollars ($1336.25), and the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ section two (2), $19\frac{9}{100}$ acres, appraised at fourteen hundred thirty-one $\frac{41}{100}$ ($1431.40) dollars. Total, $7787.65.

"And we set apart to Charles T. Swartzell, John A. Swartzell, and Elmer O. Swartzell, to be held by them in common as ordered by the court, the following lands, to wit : The N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section three (3), 20 acres, appraised at the sum of nineteen hundred dollars ($1900.00) ; and the S. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section three (3), 20 acres, appraised at the sum of twenty-two hundred dollars ($2200.00), and the N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section two (2), appraised at eighteen hundred and thirteen dollars ($1813). Total, $5913.00."

The court made the following finding :

"And the court finds that the said defendants,

Charles T. Swartzell, John A. Swartzell, and Elmer O. Swartzell, are each entitled and vested to an equal undivided one-third part of said lands held in common, subject to a life-estate in said lands vested in the plaintiff, Catherine Blauw, and the court finds that the said Catherine Blauw will be forty-four years old at her next succeeding birthday, August —, 1885, and the court finds that the expectation of the life of said plaintiff as recognized by the Northampton or annuity table is 25 years and .27 of a year, and that the present value of her life-estate in said lands is six per cent. upon the aggregate value of the entire estate multiplied by 10.325, according to said tables, making the present value of her estate, according to the appraised value of the same, nine thousand four hundred and eight and .41 dollars ( $9408.41)."

The decree then orders about ten acres of the land sold to pay accumulated taxes, and proceeds to set off about two-thirds of the land to Catherine Blauw, adjudging her to be the owner of the same in fee simple. Catherine Blauw died about one year afterward, and her husband, the defendant in error, procured an order from the probate court allotting him one-half of said land, and he claims the same on the theory that his wife was seized with a fee-simple title to the land set off to her by the decree in the partition suit. Charles T., John A. and Elmer O. Swartzell conveyed the lands in controversy to the plaintiff in error, Anna M. Love, in September, 1894, and January, 1895.

*J. P. Hindman*, for plaintiff in error.

*Junius W. Jenkins*, and *Charles P. Craig*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : The deed from Catherine Blauw to her minor children is attacked by the defendant in error

as testamentary in character and not valid as a conveyance. The question is difficult to settle, in view of opposing authority. ( Devl. Deeds, 2d ed., §§ 855a, 855b, 855c.) There is a tendency, however, in the modern decisions to uphold conveyances when not clearly repugnant to some well-defined rule of law. (Abbott v. Holway, 72 Me. 298 ; Dismukes v. Parrott, 56 Ga. 513.) We are inclined to hold that the better interpretation of the instrument under consideration is to construe it as presently passing an estate in remainder to the grantees, reserving a life-estate to the grantor, Mrs. Blauw. (Graves v. Atwood, 52 Conn. 512.) By the terms of the deed a present interest was conveyed to the children of Mrs. Blauw, but their enjoyment of the estate was postponed until after her death. The intention of the parties also is to be considered. Mrs. Blauw regarded it as a conveyance, which fact was attested by the partition suit brought by her, in which she treated the instrument as a deed, and the grantees coincided also in her construction of it. If the instrument is not given effect as a deed, it fails of any purpose, for it is not so witnessed as to be valid as a will.

The second question relates to the validity of the partition proceedings brought by Catherine Blauw against her children for a division of the estate. If such proceedings were authorized by law, or were merely voidable, they must be sustained so far as their effect is involved in this case. We are well convinced, however, that the proceedings were void, in that the court, under the pleadings in the cause, could not take jurisdiction of the subject-matter of the partition suit. In her petition for a division of the property she avers that she is the owner of a life-estate in the lands ; that she and her husband executed a deed

to her children for the same, reserving to herself a life-estate; that the interest of each of said minors defendant is the equal undivided one-third thereof, subject to her life-estate therein.   The prayer of her petition was:

. "That so much of said land as will be found by appraisement to be of the value of the life-estate of plaintiff be set apart to plaintiff in kind, unless it should be found to be injurious to the interest of the parties, in which event that so much land as will yield the value of her life-estate be sold and the proceeds paid to her in money.   That the remaining portion of said land be equally divided between said defendants."

The defendants in that action answered by general denial, filed by their guardian *ad litem*.   To confer jurisdiction upon a court for the partition of an estate, it is indispensable that cotenancy exist between the parties.   In a case where the same building covered ground owned by both parties to the action, the supreme court of Illinois used this language:

"We are satisfied neither a court of law nor equity has jurisdiction over the case as presented by these pleadings, and accord with appellee in the proposition that no power exists to compel the fusion of these estates, to be followed by a sale and finally by a distribution of the proceeds.   The idea of the plaintiff in error that he and the defendant in error hold this property jointly, is not supported by the title deeds.   They are neither joint tenants, tenants in common, nor coparceners, but they severally, each for himself, own distinct parts and portions of the premises, the character of which a court of chancery has no power to change." (*McConnell v. Kibbe*, 43 Ill. 18.   See, also, *Johnson v. Moser*, 72 Iowa, 523, 34 N. W. 314.)

In the case of *Smith v. Runnels*, 97 Iowa, 55, 65 N. W. 1002, the plaintiff was the owner of a life-estate

in real property acquired under a will. She brought an action of partition, alleging that the defendants (some thirty-two in number) were collateral heirs to the property, entitled to what remained in the real estate after plaintiff's life-estate had terminated. The court said :

"Plaintiff having but a life-estate in the land, the next question presented is, What authority has a court of equity to order its sale? It is evident that these parties are not joint owners or tenants in common of the same real estate, and it is equally clear that, under our statute, partition can be had only when the land is so owned. As said in the case of *Johnson v. Moser*, 72 Iowa, 523, 34 N. W. 314, 'There is no necessity to have, nor, in the nature of things, can there be, partition of real estate owned in severalty.' See, also, *Clark v. Richardson*, 32 Iowa, 399, and Freeman Co-ten., section 431. Under the will, plaintiff has the sole use and benefit of the land during her natural life. The defendants have no right to its possession or use until the death of the plaintiff. Whether the plaintiff may make a voluntary disposition of her life-estate, is a question we need not determine ; for, if she has this right, she needs no decree of a court of chancery to assist her in the exercise of the power." (See, also, *Seibel and Al. v. Rapp and Als.*, 85 Va. 28, 6 S. E. 478.)

In *Stansbury v. Inglehart*, 19 Wash. Law R. (D. C.) 594, it was held that a court of equity not only could not assume jurisdiction to decree partition of land between one having a life-estate and the remainder-man, but that the consent of the remainder-man, where he is an infant, or his ratification, could not give validity to such a decree.

It will be noticed that the district court in this case divested the minors of a large portion of an estate which they owned in fee simple, subject only to the life-estate of their mother, and gave it to the latter

absolutely, in fee, and without condition.   The court made a finding that the infants were owners in fee simple, and that Catherine Blauw had simply a life-estate ; and just how the court proceeded to convert this life-estate into a greater one we do not understand. We cannot treat the judgment in that case as voidable merely and not subject to collateral attack.   We re-gard .it as absolutely void.   Having a life-interest only, and claiming no greater estate in her petition, we think the court was powerless to adjudicate that she take the fee.   She had no such community of in-terest with her children as to authorize partition.

The judgment of the court of appeals will be re-versed and the judgment of the district court affirmed.