ANTHONY JOHNSON v. ELLEN BROWN, *alias Mollie Brown, et al.*

No. 14,716.   (86 Pac. 503.)

SYLLABUS BY THE COURT.

1. PARTITION—*Petition—Description of Respective Interests of Owners—Demurrer.* A petition for partition, the allegations of which bring the case within the reason of the statute by setting forth the conveyances from which the several interests of the parties appear, is not demurrable because it fails to allege in terms the respective interests of the owners.

2. —— *Cotenants—Right to Partition.* One who owns in fee simple the undivided one-half interest in real estate can maintain a suit to compel partition as against his cotenants who have only a life-interest in the other undivided half.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed July 6, 1906. Reversed.

STATEMENT.

THIS was a suit for partition of certain real estate. The trial court sustained a demurrer to the petition, and plaintiff, electing to stand upon the petition, prosecutes error. The amended petition, omitting the caption, is as follows:

"The plaintiff says that on the —— day of ———, 18—, he, having then in his own right certain money, purchased with his said money, he being at the time the sole source of the purchase-money, lots twenty-two (22) and twenty-three (23), block fifty (50), in the one town of Wyandotte, now a part of·Kansas City, Kan., in Wyandotte county, Kansas.

"That at the time he was the husband of one Ellen Johnson.

"That for purposes of convenience, and in order that in case of the death of plaintiff or his then wife that the entire title to said property should vest in the survivor, the plaintiff caused the property to be conveyed to plaintiff and his then wife, Ellen Johnson, who then became the owners and possessed said property as joint tenants.

"That on the 19th day of June, 1894, the then wife of plaintiff, Ellen Johnson, being on her death-bed, desired to will her part of said property to Ellen Brown and Henry Brown, who were nursing her. That the said Ellen Johnson made a will in favor of the said Henry Brown and Ellen Brown, and this plaintiff, not wishing to antagonize her, Ellen Johnson, his dying wife, consented to such will, a copy of which will and plaintiff's consent thereto is in the words and figures as follows, to wit:

" 'Know all men by these presents, that I, Ellen Johnson, of Kansas City, county of Wyandotte, state of Kansas, being of sound and disposing mind and memory, do make and publish this, my last will and testament, as follows, viz.:

" '*First:* I give and bequeath all of my personal property of whatsoever nature and kind to Henry Brown and Mollie Brown, his wife.

" '*Second:* In consideration of the love and friendship, care and attention during my sickness, I give and devise all of my right, title and interest in and to lots twenty-two (22) and twenty-three (23) in block fifty

(50) in Wyandotte, now Kansas City, Wyandotte county, state of Kansas, to Henry Brown and Mollie Brown, his wife, during their natural lives, and from and immediately after their decease I give and devise the same to the heirs of Joseph Brown in fee simple.

" 'I do hereby nominate, constitute and appoint Joseph Brown executor of this, my last will and testament.

" 'In witness whereof I, the said Ellen Johnson, have hereunto set my hand this 19th day of June, 1894.

her<br>ELLEN × JOHNSON.<br>mark.

" 'Signed and acknowledged by said testator in the presence of us who hereto subscribe our names, in the presence of said testator and of each other.

J. J. BASS.<br>A. ROBERTON.

" 'I, Anthony Johnson, do hereby consent to the above last will and testament of my wife, Ellen Johnson.

" 'In witness whereof I have hereunto set my hand this 19th day of June, 1904.

his<br>ANTHONY × JOHNSON.<br>mark.

" 'Witness: signature and mark.

J. J. BASS.

A. ROBERTON.'

"That after the death of the said Ellen Johnson said will was probated by said Ellen Brown and Henry Brown, and the said Henry Brown and Ellen Brown claiming a life-estate in the said property as the successors to the joint interest of said Ellen Johnson, the deceased wife of plaintiff, have remained and are now in the joint possession with plaintiff of said property.

"That the conduct of defendants and each and both of them is so obnoxious that plaintiff cannot longer occupy said property jointly with said defendants.

"That plaintiff is entitled to have and hold his interest therein in severalty, and is entitled to have the interests of defendants set off to them and to have said estate partitioned and separated the one from the other, and in case it cannot be divided in kind that it be appraised and sold or plaintiff be permitted to purchase at the appraised value as provided by law.

"WHEREFORE, plaintiff prays that the interest of defendants, whatever the same may be, may be deter-

mined, and the respective interests of said parties be partitioned, and a reasonable attorney's fee be allowed him, and for such other and further relief in the premises as to the court may seem just and proper."

*Anthony Johnson,* pro se.

*McGrew, Watson & Watson,* and *Junius W. Jenkins,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: The demurrer is a general one, upon the sole ground that no cause of action is stated. The petition is drawn with slight regard for grammatical construction and ignores the plain words of the statute which requires that the respective interests of the owners of the real estate shall be described, if known. (Code, § 614; Gen. Stat. 1901, § 5101.) Defendants urge that this omission is fatal. The allegations, however, bring the case within the reason of the statute, although the words of the statute are not followed, and, in view of the liberal construction of the rules of pleading as against a general demurrer, it must be upheld.

The main contention of the defendants is that the real estate, under the facts set forth in the petition, is not susceptible of partition; that there is no way by which equity can determine the value of the estate of the defendants. It is said that their estate consists of two life-estates—that of each defendant; that the life-estate of one is not necessarily of the same value as that of the other; and that, in the event the premises cannot be divided, the court cannot decree a sale, because there is no rule by which their interests can be satisfied by a division of the sale money. It is also said that the life-estate of the defendants cannot be satisfied by awarding them a part of the land because "they are entitled to the whole of the property during their lives."

The case of *Love v. Blauw,* 61 Kan. 496, 59 Pac. 1059, 48 L. R. A. 257, 78 Am. St. Rep. 334, is relied

upon. In that case Catherine Blauw sought to partition certain lands in which she held only a life-estate. Subject to her life-estate the lands belonged in fee simple to her children, who were made defendants. The trial court awarded partition and attempted to separate these indivisible estates by estimating the then present value of the life-estate of the mother, based upon her expectancy, and ordering a sufficient portion of the lands sold to raise the amount which was awarded to her, and the remainder of the lands in fee simple were awarded to the children. This was held to be an attempt to devest the children of a portion of their fee-simple estate and to give it to the mother. The proceedings were held to be absolutely void and subject to collateral attack. The decision rests upon the rule of the common law, which still prevails in England and obtains generally here, that compulsory partition will not be awarded between tenants of a particular estate and those in remainder or reversion. The reason of the rule is that the remainder-man or reversioner is not concerned with the manner in which the estate of the tenant in possession is enjoyed. He cannot maintain partition. On the other hand, tenants in possession, claiming an estate for life or for a term of years, can compel partition only as to the particular estates held by them. They cannot compel a severance of the estate in remainder.

Under particular statutes which are in force in some of the states, and which do not require the complainant in a partition suit to be in possession or entitled thereto, it has been held that a reversioner or remainder-man may maintain partition against the owner of the remaining undivided interest in remainder or reversion although the whole premises are subject to a life-estate. (*Scoville et al. v. Hilliard et al.,* 48 Ill. 453; *Cook v. Webb,* 19 Minn. 167.) This, however, would not disturb the possession or rights of the holder of the estate for life. Our statute has been held to authorize partition at the suit of one who is not in possession,

provided he claims to be entitled to immediate possession. (*Scarborough v. Smith,* 18 Kan. 399.)

In the opinion in the Blauw case, *supra,* at page 502, it was said: "To confer jurisdiction upon a court for the partition of an estate, it is indispensable that co-tenancy exist between the parties." Catherine Blauw was not a cotenant of her children. The children were not in possession, nor were they entitled to the possession of any portion of the lands until her death. The case, therefore, is easily distinguished from the case at bar. It was an attempt by the holder of the life-estate to obtain partition of her interest from the interests of the remainder-men. It is true the court necessarily held that there was no way of determining the value of her life-estate or of satisfying her interest by a sale of the land and a division of the proceeds. There was nothing which the court could order sold. The land belonged in fee simple to the children.

In this connection we will notice one reason urged by defendants why partition cannot be awarded against them. It is said in their brief that to do so "would deprive them of a part of their rights, as they are entitled to the whole of the property during their lives." Upon what theory it is claimed defendants took an estate for their lives in the whole estate is not clear. If they took anything under the will of the wife it was her undivided interest in the premises during their natural lives, with remainder to Joseph Brown. Their interest was a life-estate in an undivided one-half of the whole. The other undivided half belongs absolutely, upon this theory, to plaintiff. How can a division of the lands deprive them, therefore, of anything? The property consists of two town lots. From the facts stated in the petition there is no apparent reason why the lots may not be divided—one set apart to plaintiff in fee, the other to the defendants during their natural lives, provided the lots are of equal value. They may not be of equal value; still there is nothing in the petition from which it appears to be impossible to divide

them in some manner. Plaintiff claims an undivided one-half interest in the land in fee, and also claims that he is entitled to the possession and that he has the possession as a cotenant of defendants. He is given the right, under the statute, to have his interest in the premises set apart to him in severalty. It is no answer to his claim to say that defendants may suffer inconvenience thereby.

No mention is made in the briefs of the fact that Joseph Brown, the remainder-man, is not made a party defendant. Under the will it would appear that he owns an undivided one-half interest in the premises, subject to the life-estate of defendants. In case plaintiff succeeds in his effort to have his half set apart to him in severalty, it is clear that Joseph Brown would be vitally interested in the manner and character of the division. While, under the authorities, he could not maintain a suit to compel partition, either as against the holders of the life-estate or as against the other fee holder, for the reason that he has no present right of possession, still in a suit brought by the other fee holder a question might be raised as to whether he is not a necessary or at least a proper party. In *Striker v. Mott*, 2 Paige (N. Y.), 387, 22 Am. Dec. 646, Chancellor Walworth used the following language:

"Besides, I am not aware of any case in which a party who had a mere reversionary interest in an estate has been permitted to apply for a partition without the concurrence of the owners of the present interest. A reversioner is sometimes a necessary party to a bill in partition; but it is where the owner of a present interest in an undivided part of the premises has also an interest in an undivided part of the reversion. In such cases it is proper for such owner of the present interest to make the owner of the residue of the reversion, as well as those who are interested in the residue of the particular estate, parties to the suit; so that an entire share may be set off to the complainant in severalty. It is also necessary to make a reversioner a party to a bill filed by an owner of a particular estate, when some of the other parties interested in the residue of the

premises are the owners of a present interest thereof in fee." (Page 389.)

On the other hand, in the note at page 364 of volume 4 of Kent's Commentaries, fourteenth edition, it is said that "it was the ancient doctrine under the statute of Henry VIII that no persons could be made parties to a writ of partition, or be affected by it, but such as were entitled to the present possession of their share in severalty." (See, also, note to *Nichols et al. v. Nichols et al.*, 28 Vt. 228, in 67 Am. Dec. 699, 703.) It is certain that until he is made a party any division of the fee title will not bind him or his heirs. (*Gayle et al. v. Johnston*, 80 Ala. 395; *Bell v. Adams*, 81 N. C. 118.)

We express no opinion, however, upon the question of the remainder-man's being a necessary or a proper party. The petition, we are satisfied, stated a cause of action. The judgment is therefore reversed, and the cause remanded with instructions to overrule the demurrer.

All the Justices concurring.