HELEN F. RYAN et al., *Appellees,* v. WILLIAM J. CUL-
LEN et al. (WILLIAM J. CULLEN, *Appellant*).

No. 18,249.

SYLLABUS BY THE COURT.

1. PARTITION—*Execution of Certain Deeds Conceded—Rights Thereunder Should Have Been Adjudicated.* In an action by certain heirs and devisees to set aside an alleged title held by the principal defendant, and for partition, it was averred that certain parties permitted or procured such defendant to take out tax deeds, and that one of the heirs and devisees afterwards, with her husband, pretended to convey to him, but that such deeds were void for *mala fides* and for other reasons. The defendant declared upon the same instruments, alleged their validity and prayed to have his title quieted. *Held,* that in this condition of the pleadings the execution of such deeds was conceded, rendering it unnecessary for the defendant to introduce them in evidence, and it was error to bar him from all interest in the property by reason of his failure so to introduce them.

2. ———— *Remaindermen Unaffected by Proceedings—Decree to be Certain.* In such action certain minor remaindermen were made parties and their interests were set forth in the decree. In that portion providing for a sale in case partition could not be had no mention or reservation was made of such interests. *Held,* that such remaindermen, not being cotenants, should not be affected by such sale or partition and the decree should be made free from ambiguity in this respect.

Appeal from Leavenworth district court. Opinion filed June 7, 1913. Reversed.

*James F. Getty,* and *Nathan Cree,* both of Kansas City, for the appellants.

*Thomas J. White,* of Kansas City, *J. K. Codding,* of Lansing, *W. W. Hooper,* and *Lee Bond,* both of Leavenworth, for appellees Helen F. Ryan *et al.*

*J. C. Petherbridge,* of Leavenworth, for appellee Robert Garrett Lumber Company.

The opinion of the court was delivered by

WEST, J.: This is an action in ejectment and for partition brought by two of the heirs of Matthew Ryan, deceased, against William J. Cullen and others. The second amended petition among other things alleged that the defendants, Mary R. Loftus, personally and as executrix of the estate of Matthew Ryan, and Thomas J. Loftus, her husband, while in possession of the property and receiving the rents and profits and with a duty imposed upon them to pay the taxes out of the proceeds, and with the intention to defraud the other beneficiaries of the estate, permitted the prop-erty to be sold for taxes and purchased the same at tax sale for their own benefit, and paid subsequent taxes on the tax certificates.

"And by assignment to and connivance with the defendant, William J. Cullen, permitted or procured the said defendant, William J. Cullen, to take a tax deed or tax deeds thereon, and under which pretended tax deed or tax deeds the said defendant, William J. Cullen, is now claiming the ownership of the property, and the said Mary R. Loftus and Thomas J. Loftus, her husband, have since pretended to convey to the said Defendant, William J. Cullen, all of the above de-scribed premises and each and every part thereof, but plaintiffs allege that said conveyance is not *bona fide,* that said defendant, William J. Cullen, is simply hold-ing the legal title to whatever interest defendant, Mary R. Loftus, may have in the premises for her use and benefit and that the said pretended tax deed or tax deeds is or are for the reasons stated and other-wise, illegal, null and void as a title or titles to any of said property."

The plaintiff prayed, among other things, "that the pretended tax deed or tax deeds of defendant, William J. Cullen, be declared invalid, illegal and void as a title or titles to any of said property"; that Mary R. Loftus, Thomas C. Loftus, William J. Cullen and Mary R. Loftus, as executrix, be decreed to pay to plaintiff

Ryan v. Cullen.

Helen F. Ryan two-sixths of the rents collected and to plaintiff Decotah R. Ryan one-sixth of the rents and profits since May 15, 1907, and that the amount due for rents be made a lien "upon the respective interests of Loftus and wife and William J. Cullen," or either of them, as their interest may appear in said estate. The answer, among other things, alleged a conveyance from Loftus and wife, and that "Thomas J. Loftus, after he had acquired the tax-sale certificate on said property, sold and assigned the same to this defendant, and that he therefore took out tax deeds, to-wit, in 1908, and acquired title to said property thereby. That the title to said property which he obtained from Mary R. Loftus was acquired subsequent thereto." By way of further answer and cross-petition it was alleged that Cullen was owner in possession of certain described lots; that the other parties to the action claimed some adverse interest which was in fact subsequent, inferior and void as against Cullen, and he prayed to have his title quieted as against them. At the close of the trial defendant Cullen requested findings to the effect that the tax deeds issued to him vested in him a fee-simple title and that the conveyance by Mary R. Loftus to him was a valid expression of the power of disposal granted to her by the will of her father and vested in Cullen a fee-simple title, and that Cullen was entitled to a judgment quieting his title. These were refused, and in the fourth finding of fact made by the court it was recited that Loftus acted as the agent of his wife and had charge of the premises from November 25, 1904, to sometime in 1909, collecting the proceeds, and in August, 1904, arranged with the county treasurer to make a tax sale of the premises at the proper time in September and to hold the certificates for him, which was done; that certificates of sale were issued to Loftus, who paid the subsequent taxes for 1904, 1905 and 1906, "and it is

claimed that he then assigned the certificates to the defendant, William J. Cullen, and in 1908 said William J. Cullen took out tax deeds under said certificates against said premises. However, there was no evidence introduced of any assignment of any tax-sale certificates to William J. Cullen and no evidence of any tax deed or deeds having been issued to said William J. Cullen." The court found further that Mary J. Loftus was the owner in fee of a one-sixth interest and an undivided one-sixth interest for life with power of disposal, also owner of the undivided one-sixth interest of Ethan B. Ryan for life subject to his power of disposal as provided in the will, and that she was entitled to possession of the property subject to the liens of certain other parties. It was also determined that William J. Cullen had no right, title or interest in the premises or any part thereof.

It would seem, therefore, that because defendant Cullen did not offer any evidence of assignments, tax deeds, or conveyances from Mary R. Loftus, it was deemed by the court that he had no interest in the property. But as the plaintiffs had alleged an assignment of certificates, the issuance of the tax deeds and a conveyance by Mary R. Loftus, all of which they asserted were void, and Cullen had declared upon the same instruments and asserted their validity, the fact of their execution must be taken as established or conceded. A quitclaim deed from Cullen to Decotah S. Ryan for the ice-plant property was introduced in evidence, indicating that a conveyance from him was deemed essential by Loftus and wife in perfecting the title. Even if the tax deeds had been examined and found void, still the alleged conveyance by Mary R. Loftus, joined in by her husband, would, if valid, convey all her interest in the estate to Cullen, and he justly complains of being eliminated from the case for failure to prove what was admitted.

It was also alleged that certain interests were ac-

quired by Loftus and wife from Decotah S. Ryan in exchange for a conveyance by them of certain other property, and that the consideration entirely failed because they had no title. It appears that Decotah S. Ryan had an ice plant on a small tract of land, and desiring to perfect her title so as to make it security for a loan it was proposed that conveyances by quitclaim be made. It is clear from the evidence that she received some interest in the property conveyed by Loftus and wife and there was at most only a partial failure of consideration. The court found that at the time the exchange was made Loftus and wife knew that they had only certain partial interests in the property and that they could not convey a good fee-simple title as agreed and represented, and that Decotah S. Ryan did not know of such defect. It was therefore ordered and decreed that the deed from Decotah S. Ryan be set aside and that she be adjudged the owner of an undivided one-sixth of the premises and entitled to possession upon her reconveyance to Mary R. Loftus of such interest as she had acquired from her and her husband. As Loftus and wife had attempted to comply with their agreement by procuring a quitclaim deed from Cullen to Decotah S. Ryan, this disposition of the matter appears to leave Cullen entirely out of the controversy. By ordering Decotah S. Ryan to convey back to Loftus and wife whatever she had acquired from them, the title, if any, acquired from Cullen by his quitclaim deed would seem to be left in Decotah S. Ryan. But as Cullen is presumed to have parted with his interest upon sufficient consideration, it is not clear that he has any cause for complaint because the interest conveyed by him still remains in his grantee.

The guardian *ad litem* for certain minor remaindermen complains that the appeal was not perfected as to his wards within the required time and insists that it should be dismissed as to them. The defendant replies that under section 573 of the civil code additional par-

ties may be brought in at any time before hearing, and also suggests that the interests of remaindermen can not be partitioned in any event, and that as the court attempted to cover their interests by the decree it is for their benefit that the appeal be prosecuted. The court found that they were owners of certain interests in remainder but did not find that they were entitled to possession, and it is not clear whether their holdings were intended to pass by any sale which might be made in the event that partition could not be had. While it may have been proper to make them parties and to set forth their interests in the decree, we do not see how such interests could be partitioned or sold (*Love v. Blauw,* 61 Kan. 496, 59 Pac. 1059), or affected beyond the terms of the life tenants in case they should die without exercising the power of disposition given by the will (*Eversole v. Combs, &c.,* 130 Ky. 82, 112 S. W. 1132). We do not deem it necessary to construe section 573 or to pass directly on the motion to dismiss, further than to say that as the case must be retried it should be with full power to determine all the questions presented and frame a proper decree unhampered by any findings or conclusions already made.

Many matters are argued which we do not deem it necessary to consider and determine in view of the situation presented by the record. It is insisted that Cullen, who was by the plaintiffs made the principal defendant, is either a myth or a convenient agent for Loftus and wife. But on the face of the pleadings it must be assumed that whoever or whatever he is the paper title to certain of the property is held in his name and this should be disposed of upon proper evidence.

In order that Cullen's real interests, if any, may be properly considered and adjudicated the decree is reversed and the cause remanded for further proceedings in accordance herewith.