MARIAH E. SHAFER, *Appellant,* V. JOSEPHINE E. COVEY
et al., *Appellees.*

No. 18,414.

SYLLABUS BY THE COURT.

1. JUDGMENT—*Action to Set Aside—Barred in Three Years.* A
judgment in an action in which the court had jurisdiction of
the parties can, after the statutory three-year period, be set
aside only for lack of jurisdiction of the subject matter.

2. ——— *Deed of Homestead to Wife—By Husband—Judgment
in Partition—Motion to Set Aside Judgment — Barred
by Statutory Three-year Period.* A husband executed a deed
to his wife purporting to convey to her for life their home-
stead, remainder to the daughter. After the latter reached
her majority the widow sued in partition, alleging that at
the time the deed was executed she did not consent or concur,
and alleged that the daughter owned a vested remainder in
an undivided one-half of the land, and the plaintiff an un-
divided one-half interest in fee simple, and that she had
since her husband's death always claimed, used and occupied
all the land as a homestead, setting out the deed. The prayer
was for a one-half interest in fee simple and that she be held
not liable for rents and profits. The court found the plain-
tiff entitled to one-half in fee and to a life estate in the
other half, and the defendant entitled to a vested remainder
in one-half, to become absolute upon the termination of the
life estate, and ordered partition. After more than three
years had elapsed the defendant moved to set aside as void
that part of the judgment relating to a life estate, which
motion was granted. *Held,* error.

3. PARTITION—*Interest of Remaindermen—May be Recognized.*
While remaindermen can not be compelled to have their in-
terests partitioned or sold until they become entitled to pos-
session, still when the question of a life estate is involved, an
action in partition which recognizes the vested interests of
such remaindermen is proper.

Appeal from Kingman district court; PRESTON B.
GILLETT, judge. Opinion filed October 11, 1913. Re-
versed.

*John H. Connaughton,* and *J. Q. Jenkins,* both of Kingman, for the appellant.

*S. S. Alexander,* of Kingman, for the appellees.

The opinion of the court was delivered by

WEST, J.: This is an appeal from an order setting aside a judgment. The question is: Was such judgment void? In April, 1907, the plaintiff sued the defendant for partition, alleging that she was the widow of P. V. Shafer, who in September, 1900, conveyed to her by warranty deed the land in question, which was and continued to be her homestead; that under the deed, which was executed without the plaintiff's consent or concurrence, the defendant, the only child, then of age, had a vested estate in remainder in an undivided one-half interest in the land, and the widow had an undivided one-half interest in fee simple. The prayer was for partition and a decree that the interest of the plaintiff be a one-half interest in fee simple, and that she be held not liable for rents and profits theretofore or thereafter accruing. The deed described the quarter section and purported to convey to the wife, subject to the express condition that "this property above described is to be held by my wife, Mariah E. Shafer, and reserved to her, during her natural life for her sole use and benefit, and at her death is to pass to and become the property of my daughter, Josephine E. Covey, *nee* Josephine E. Shafer, her heirs and assigns." Service was made by publication, and on July 12, 1907, a decree was entered finding that the plaintiff had not remarried, that the daughter was of age before the action was begun, that the grantor had taken and proved up the land as a homestead, and that since his death it had been occupied and claimed by the plaintiff as a homestead, and that at the time of the conveyance she neither consented thereto nor concurred therein; that she was seized of an estate in fee simple

in and to an undivided one-half interest in the land, and a life estate in the other undivided one-half; that the defendant was seized of a vested estate in remainder in one-half of the half last mentioned, which, by the limitation in the deed, was to become absolute upon the termination of the particular estate in the plaintiff, and that partition should be had. Commissioners were appointed and reported that the plaintiff have absolutely the east half of the quarter section and a life estate in the west half, and that the defendant have a vested remainder in the west half after the termination of the life estate, to become hers absolutely upon the death of her mother and not before; that owing to the character of the buildings on the east half the plaintiff should pay the defendant $250 in lieu of the one-half interest in such improvements belonging to her, "which said payment may be made at and [any] time before the death of the said Mariah E. Shafer, but must be made at her decease." September 6, 1907, this report was confirmed. It was ordered that the plaintiff by her executor or administrator at her decease pay the defendant the $250, one-half the cost to be paid by the plaintiff and the other half to be paid from the $250. November 15, 1911, the defendant and her husband moved to set aside the judgment on the grounds that it was void; that the court had no jurisdiction of the persons of the defendants; that the petition did not state a cause of action; that it showed on its face that the daughter owned the west half in fee simple, and that the judgment so far as it affected the life estate was procured by fraud. Upon consideration of this motion the court set aside as void that part of the judgment concerning the life estate of the plaintiff.

This left the decree in partition in the condition of giving each one-half the land in fee, and charging the plaintiff with $250 on account of the improvements on her half. Of course the time for setting aside or modifying the judgment had passed and only to the extent

of its invalidity could it be attacked. No complaint is made of the service, hence it must be deemed that the court had jurisdiction of the parties, so that the matter narrows to the point concerning the power of the court to decree as it did. Whether it acted erroneously or not makes no difference, as this appeal raises the sole question of power and not one of error. The allegations of the petition, being undenied, were to be taken as true (Civ. Code, § 129), and if the plaintiff's rights as widow and grantee were as alleged, then the court had jurisdiction to partition accordingly, provided the estate was subject to partition. It is plain that by her allegations and prayer the plaintiff intended to take as heir one-half of the land and as grantee a life estate in the other half. She did not ask that the deed be set aside, but simply averred that when it was executed she did not consent to or concur in it. Under the statute she was entitled to one-half in value of the real estate of which the husband died seized of which she had made no conveyance. (Gen. Stat. 1909, § 2942.) Not being obliged to accept under the deed less than her statutory interest, she was nevertheless entitled to accept whatever additional interest it gave her. She had already a full one-half interest, and the deed purporting to give her a life estate in all would certainly give her such estate in a half, and so she evidently reasoned that the law gave her one-half the land and the deed gave her a life estate in the other half, and having thus alleged and no denial or defense being made, the court decreed accordingly.

The defendant maintains that the deed was void and that the allegation that it was not consented to means that it was of no force or effect in any way, and hence could not be deemed a conveyance as to the other half of the land; that the allegations having shown that the deed was void, the court had no jurisdiction to decree that it had any effect as to a life interest. Suppose the deceased had made two deeds, one conveying

the east half to the wife and the other the west half
to her for life, remainder to the daughter. The first
would give the widow exactly what the law would give
her, and it would make no difference whether she con-
sented to and took under the deed or not. As to the
other deed, the law would give the interest granted
thereby all to the daughter, but the father might law-
fully give it to the mother for life and then to the
daughter, and this is just what the widow sought to
accomplish by recognizing the deed as applied to one-
half the estate only, the only portion she was in any
wise obliged to recognize. Her allegation was "that
under said deed . . . the defendant . . . has
a vested estate in remainder in and to an undivided
one-half interest." There is no showing as to whether
the daughter knew of the deed or not, or as to when the
widow first knew of it. It is perfectly clear, however,
that the widow sought to recognize it only as to one-
half the land and that the court decreed accordingly.
If this was erroneous the defendant had the statutory
time in which to have it corrected. Having permitted
that time to go by, she can now be heard only as to that
part of the judgment absolutely void for want of juris-
diction of the subject matter.

It is suggested that the judgment of September 6,
1907, was the only one attacked and that this was
merely ancillary and complementary to the real judg-
ment of July 12, previous, which settled the law of the
case. The motion was to set aside in part the judg-
ment rendered. "on about the 6th day of September,
1907," but the order entered apparently affected only
the judgment of that date, and no language was
used showing an intention to change or modify the one
rendered July 12. However, this is not important in
view of our decision.

The defendant argues that land held partly in fee
and partly in remainder can not be partitioned in fee.
It seems to be the rule that none but cotenants can

compel partition. (*Love v. Blauw,* 61 Kan. 496, 502,
59 Pac. 1059; *Johnson v. Brown,* 74 Kan. 346, 86 Pac.
503.)    Remaindermen are not in possession and will
not be entitled to possession until the termination of
the particular estate, hence there appears to be no
power in a court of equity to compel partition or sale
of their interests. (*Ryan v. Cullen,* 89 Kan. 879, 884,
133 Pac. 430.)    But the real controversy here was as
to whether the widow or the daughter was entitled to
a life estate in one-half of the land. This was really
the only question or interest sought to be affected by
the order setting aside the judgment in part.    Both
parties and both judgments recognized the interest in
remainder in one-half as vested in the daughter.    No
request or attempt to change or sell this interest was
made.    Hence the mere fact that she owned such in-
terest constituted no reason why the question as to who
owned the life estate could not be settled in an action
in partition, for whatever the result as to the particu-
lar estate, the interest in remainder was not to be and
could not be disturbed.    Whoever was entitled to the
life estate was entitled to possession, and this estate
and possession were proper subjects for adjudication in
the action. (*Johnson v. Brown,* 74 Kan. 346, 86 Pac.
503; *Kinkead v. Maxwell,* 75 Kan. 50, 88 Pac. 523.)

It is contended that the question of the life estate
was not within the issues, but we think the petition,
the deed set out as a part thereof, and the prayer, al-
though somewhat lacking in fullness and precision,
fairly presented the matter for decision, and that the
ruling first made by the court was correct.

While the prayer asked only for a holding that the
plaintiff was entitled to a fee-simple interest in one-
half, still the allegation that she had occupied and
claimed it all as her homestead ever since her hus-
band's death, and still claimed it as such, was suf-

ficient to warrant fully the judgment as originally rendered. (*Smith v. Smith,* 67 Kan. 841, 73 Pac. 56; *Updegraff v. Lucas,* 76 Kan. 456, 459, 93 Pac. 630.)

The order setting this aside in part is overruled.