No. 24,080.

ALBERT BARTRAM, *Appellant*, v. MARY ANN KEMP et al., *Appellants*, (MARY JACKSON et al., *Appellees*.)

SYLLABUS BY THE COURT.

1. PARTITION — *Life Estates — Remaindermen — Jurisdiction in Partition.* A testator willed to each of eight of his children an undivided one-tenth of his land. To each of two daughters he willed an undivided one-tenth for life, remainder in fee to heirs of her body. In 1890, the children of the testator voluntarily partitioned the land among themselves. The life tenants are still living. *Held,* the district court has no jurisdiction in partition to limit the interests of the remaindermen to the tracts allotted to the life tenants by the voluntary partition.

2. SAME—*Effect of Voluntary Partition on Interests of Remaindermen—Estoppel.* The remaindermen were minors when the voluntary partition was

Bartram v. Kemp.

made. They were reared to majority on the tracts allotted to their parents. When they attained majority, they knew of the will and of the partition. They have not affirmatively objected to the partition, neither have they agreed to it or acquiesced in it, further than stated. *Held,* the remaindermen were not concluded by the voluntary partition when made, and are not estopped to resist the quieting of title in the children of the testator in such a way as to limit the interests of the remaindermen to the tracts allotted to their parents.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed April 7, 1923. Affirmed.

*J. B. Larimer,* and *W. Glenn Hamilton,* both of Topeka, for the appellant.

*Joseph G. Waters, John C. Waters, Otis E. Hungate,* and *Paul Heinz,* all of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to determine interests in real estate, quiet title, and effect partition. The ultimate purpose was to compel remaindermen in fee after life estates to persons still living to abide by a voluntary partition of land by devisees under a will other than the remaindermen. The relief prayed for was denied, and the parties adverse to the remaindermen appeal.

David Bartram, a widower, and owner of 320 acres of land, died testate in 1889. He left ten children. He willed to each of eight of them an undivided one-tenth of the land. To each of his daughters, Hannah Lawton and Mary Jackson, he gave an undivided one-tenth for life, and the remainder in fee to her children, heirs of her body, living at the time of her death. In January, 1890, the children of the testator partitioned the land fairly among themselves. To perfect the partition, deeds were exchanged, and Mary Jackson was allotted forty acres. Each child of the testator went into possession of his allotted tract, and occupied, improved, and enjoyed it. Mary Jackson and Hannah Lawton each had seven children. Some of Mary Jackson's children executed voluntary conveyances to her of her tract, in order to perfect her title. Mary Jackson also quieted title to her tract as against the children of Hannah Lawton, the defendants in the action making disclaimers.

The action was commenced by the appellant, Albert Bartram, a son of the testator. Among the defendants were Ida Cooney, Sylvia Marken, Stella Marken, and Gertrude Bowman. They are children of Mary Jackson, and are now the only contesting remaindermen. After a trial, the district court found the facts, many of which are

not material to the determination of this appeal, and stated the following conclusions of law:

"1. That the amicable division by the ten children of David Bartram, deceased, in 1890, is not binding upon the heirs of the body of Mary Jackson and Hannah Lawton, who may be living at the time of the death of such parties.

"2. That at this time it is impossible to ascertain who are the owners of a contingent remainder interest of the two undivided one-tenth interests held by the heirs of Mary Jackson and Hannah Lawton respectively.

"3. That such contingent remaindermen have never conveyed or otherwise parted with the interests which they took in the 320 acres of land under the will of David Bartram, deceased, except that as to the particular tract of land allotted to Mary Jackson under such amicable division, certain heirs have conveyed to her their interest therein.

"4. That because of the interchange of deeds between the ten children of David Bartram, deceased, each of said children acquired an undivided eight-tenths interest in the fee to the particular land allotted to him and specifically described in the findings, and in addition thereto the life estates of Mary Jackson and Hannah Lawton, but that as to each tract of land, except that set apart for Mary Jackson, there remains outstanding the contingent interests of the heirs of the body of Mary Jackson to an undivided one-tenth interest therein, and also the contingent remainder interest of the heirs of the body of Hannah Lawton, who may be living at the death of each, in another undivided one-tenth interest therein.

"5. That by the interchange of deeds among the ten children of David Bartram, deceased, each received and became the owner of a separate estate in the particular tract of land allotted to him, so far as his respective brothers and sisters were concerned, consisting of eight-tenths of the fee in such allotted land, and in addition thereto, the two life estates of Mary Jackson and Hannah Lawton therein.

"6. The plaintiff herein cannot maintain partition of the 320 acres of land originally owned by David Bartram, deceased, because, except as to his particular allotted part, and such as he has since acquired by purchase, and the tract set aside for David Henry Bartram, deceased, he has no interest therein, having conveyed by quitclaim deed his interest in the balance of said 320 acres of land, and, therefore, is the owner at this time of only his interest in the particular tract of land set apart to him by the allotment or the interest which he has since acquired by inheritance in the land set apart to the brother, David Henry Bartram, deceased.

"Each of the children of David Bartram, deceased, are in exactly the same situation as to any interest in said 320 acres of land, and each by reason of his quitclaim deed, has no interest in the balance of the 320 acres of land, except as to the particular tract of land deeded to him by his other brothers and sisters, or has acquired by purchase, and the interest in the twenty-one acres which he inherited from his deceased brother, David Henry Bartram.

"7. That as to each of the particular tracts of land set aside by the amicable division to the ten children of David Bartram, deceased, excepting the land

Bartram v. Kemp.

deeded to Mary Jackson, the heirs of the body of Mary Jackson who may be living at the time of her death have a contingent remainder interest in an undivided one-tenth thereof, as do all the heirs of the body of Hannah Lawton, who may be living at the time of her death, have a like undivided one-tenth interest therein.

"8. The prayer of the plaintiff and certain of the defendants, that their title to the respective portions of land set apart and occupied by them, be quieted as to the contingent remainder interests of the surviving children of Mary Jackson and Hannah Lawton, and that such last mentioned parties should be barred from any interest therein, should be denied as to said contingent remaindermen, as they have not parted with their interest in and to the respective lands involved herein, and still have such an interest as is heretofore set out."

The plaintiff contends that in compulsory partition the interest of a remainderman, after a life estate, attaches to the allotment to the life tenant, and no more, and that a voluntary partition, equitable when made, should be attended by the same result.

The owner of an interest in fee in land subject to a life estate is not concluded by a partition between other owners, to which he had neither capacity nor opportunity to consent. The action of partition is essentially possessory, the object being to distribute possession among those entitled to possession. (*Metcalfe v. Miller*, 96 Mich. 459.) At common law and in equity compulsory partition applied to none but estates in possession of cotenants. The rule still prevails, except as modified by statute. (30 Cyc. 182.) In this state we have no statute relating to partition beyond the subject of procedure. In the case of *Love v. Blauw*, 61 Kan. 496, 59 Pac. 1059, the court made the following declaration of principle:

"To confer jurisdiction upon a court for the partition of an estate, it is indispensable that cotenancy exist between the parties." (p. 502.)

It is true that case was one for partition commenced by a life tenant against remaindermen, but the fundamental principle on which the decision was based reaches all cases in which the parties do not sustain the relation of cotenants. The concluding portion of the opinion reads as follows:

"It will be noticed that the district court in this case divested the minors of a large portion of an estate which they owned in fee simple, subject only to the life estate of their mother, and gave it to the latter absolutely, in fee, and without condition. . . . We cannot treat the judgment in that case as voidable merely and not subject to collateral attack. We regard it as absolutely void. Having a life interest only, and claiming no greater estate in her petition, we think the court was powerless to adjudicate that she take the

fee. She had no such community of interest with her children as to authorize partition." (pp. 503, 504.)

The principles announced in *Love v. Blauw* have been recognized in subsequent decisions in which they have been adverted to. In the case of *Johnson v. Brown,* 74 Kan. 346, 86 Pac. 503, partition was sanctioned between the owner in fee of the undivided one-half of land and the life tenant of the other undivided one-half; but in distinguishing the case of *Love v. Blauw,* the court quoted the statement in the opinion in that case quoted above, and said:

"The decision rests upon the rule of the common law, which still prevails in England and obtains generally here, that compulsory partition will not be awarded between tenants of a particular estate and those in remainder or reversion. The reason of the rule is that the remainderman or reversioner is not concerned with the manner in which the estate of the tenant in possession is enjoyed." (p. 350.)

In the case of *Ryan v. Cullen,* 89 Kan. 879, 133 Pac. 430, certain of the interests sought to be partitioned were held in fee. Concerning the remaindermen, the court said:

"While it may have been proper to make them parties and to set forth their interests in the decree, we do not see how such interests could be partitioned or sold, or affected beyond the terms of the life tenants." (p. 884.)

In the case of *Shafer v. Covey,* 90 Kan. 588, 135 Pac. 676, the court said:

"Remaindermen are not in possession and will not be entitled to possession until the termination of the particular estate, hence there appears to be no power in a court of equity to compel partition or sale of their interests." (p. 593.)

In the cases of *Johnson v. Brown* and *Ryan v. Cullen,* the subject of making remaindermen parties to an action for partition was adverted to. Interests of known owners may be unknown, owners of known shares may be unknown, and there may be uncertainty respecting both owners and interests. For determination of these and other questions, remaindermen may be brought in; but when remaindermen and their interests have been ascertained, the limit of jurisdiction over them in partition has been reached. The court has no power to affect those interests by division or sale of the land, and should it attempt to do so, its judgment would be void.

It is suggested that because fair partition between owners of undivided interests in fee and life tenants may be made by division or sale, the remaindermen should, in equity, be bound. That which

is equitable at one time may not be equitable at another, and a remainderman is entitled to whatever value his interest may have when it vests in possession. If the land in controversy had been sold in partition in 1890, the income from the fund set apart for the remaindermen would scarcely have paid taxes and expenses of investment, and the fund would now be quite small compared to the value of their share of the land. Partition might also defeat the intention of the testator in other ways.

The rule on which the decision in the case of *Love v. Blauw* was rested is a rule of property. It has stood for almost a quarter of a century, and should it work hardship in some cases, the court is not authorized to abandon it.

In this instance, the children of the testator were not cotenants with the remaindermen when the voluntary partition was made, and could not by themselves accomplish a result which the district court would have been powerless to bring about. After the voluntary partition, the children of the testator were not cotenants with the remaindermen, and were not even cotenants with each other.

The plaintiff pleaded estoppel to question the voluntary partition. The court returned the following finding of fact:

"11. That the children of Mary Jackson and Hannah Lawton, when they each attained their majority, knew of the provisions of the will of David Bartram, deceased, and for a considerable time have known of the amicable division and allotment made of the land of David Bartram, deceased, by their parents on March 1, 1890; that they have never objected to such allotment or taken any affirmative action to avoid its effects, neither have they ever agreed to or acquiesced therein, except that they occupied said premises, where they were reared to majority, with their parents, that was allotted by such division to their respective parents."

Manifestly, no element of estoppel is disclosed by this finding. Plaintiff cites the case of *Burgess v. Hixon*, 75 Kan. 201, 88 Pac. 1076, and some other cases. In those cases, the persons estopped had means of protecting their interests, and abstained from doing so, under circumstances which called either for challenge of what was taking place, or for acquiescence in the consequences. In this case, the owners of fee interests, of particular estates, and of remainders, all took title at the same time and by the same instrument. The remaindermen were not called on to keep trumpeting their future estates. They were minors when the voluntary partition was made, and were ignored. When they became of age, the presumption

was, the children of the testator had merely exercised their undoubted privileges, and the remaindermen were powerless to disturb the voluntary partition, had they desired to do so.

Other subjects referred to in the plaintiff's brief do not require special discussion. The conclusions of the district court are approved, and its judgment is affirmed.