No. 35,047

MARGARET ELIZABETH WARD, *Appellee*, v. HOMER ORVILLE WARD, *Defendant*. MARJORIE MARIE WARD et al., *Appellants*.

(109 P. 2d 68)

Opinion filed January 25, 1941.

*Steve W. Church,* of Greensburg, for the appellants.

*O. G. Underwood,* of Greensburg, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action in partition. Albert A. Ward died testate December 2, 1936, owning in fee simple seven quarter sections of land and certain city property.

The testator devised to his wife, Margaret Elizabeth Ward, plaintiff herein, a life estate in all of his real estate. Subject to the life estate in his widow, the testator devised the property to his son, Homer Orville Ward, for life, and upon his death to the grandchildren of the testator equally. At the time of the death of the testator his son, Homer Orville Ward, was the father of four minor children.

The widow declined to accept the provisions of the will and elected to take under the law.

The petition alleged that the plaintiff, Margaret Elizabeth Ward, is the owner of an undivided one-half of the lands described in fee simple; that the defendant, Homer Orville Ward, is the owner of a life estate in an undivided one-half of the land; that the four grandchildren named as defendants, and the unknown and unborn grandchildren of the testator are the owners of an undivided one-half interest in all of the described land, subject only to the life estate of Homer Orville Ward, and that plaintiff is entitled to partition.

The four living grandchildren individually and as representatives of the entire class of grandchildren of the testator were made parties defendant.

Upon application of the plaintiff the court appointed a guardian *ad litem* for the minor defendants and also appointed a trustee for the unknown and unborn grandchildren of the testator. The guardian *ad litem* for the minor defendants filed a demurrer to the petition on the ground that the court had no jurisdiction of the subject-matter and no authority to render a judgment in partition. The trustee for the unknown and unborn grandchildren filed a demurrer to the petition on the ground the court had no jurisdiction of the unknown and unborn defendants, had no jurisdiction of the subject matter, and had no authority to render a judgment in partition as against the unknown and unborn grandchildren of the testator. The appeal is from the judgment of the court overruling the demurrers.

It is contended the court does not have jurisdiction to decree partition for the reason the plaintiff, owner of an undivided one-half interest in fee, and the grandchildren are not co-tenants, and that any judgment or decree entered in the cause would not be binding on the unknown and unborn grandchildren. Appellants rely upon *Bartram v. Kemp,* 113 Kan. 246, 214 Pac. 96; *Johnson v. Brown,* 74 Kan. 346, 86 Pac. 503; *Ryan v. Cullen,* 89 Kan. 879, 133 Pac. 430; *Shafer v. Covey,* 90 Kan. 588, 135 Pac. 676.

As stated, the widow renounced the benefits attempted to be conferred on her under the will, and elected to take under the law. "When a widow elects to take in opposition to her husband's will she receives the share of his estate that she would have taken had he died intestate, which is one-half in value after the payment of debts." (*Ashelford v. Chapman,* 81 Kan. 312, syl. ¶ 4, 105 Pac. 534.)

The widow, having elected to take against the will, was entitled to an undivided one-half interest in fee simple in the lands in question.

As the election of the widow has disturbed the original plan of the testator, what disposition is to be made of the other undivided one-half interest in the property? In the early case of *Allen v. Hannum,* 15 Kan. 625, it was stated: ". . . The other half of the estate, we think, should be distributed in accordance with the will, or as near in accordance therewith as may be possible under the circumstances of the case."

Will the succeeding interests be accelerated? Obviously, the answer will be found in the nature of the postponed interests and the intention of the creator of the interests as expressed in the instrument. Thus where the remainders were subject to a condition precedent it was held that the failure of the life estate would not advance such interests. (*Miller v. Miller*, 91 Kan. 1, 136 Pac. 953.) But in that case it was stated:

"If a testator devise an estate for life to his widow, with remainder over in fee, and the widow elect to take under the law and not under the will, the remainder is ordinarily accelerated to take effect as if the widow had died. The rule is equitable in character and proceeds upon the assumption that the gift over of the fee was the principal thing in the testator's mind, that the life estate was a mere charge on that gift, and that he desired the gift in fee to take effect whenever the life estate for any cause was out of the way. . . ." (p. 6.)

That vested interests will be accelerated upon the failure of a prior interest has often been recognized by this court. (See *Allen v. Hannum*, supra; *Sherman v. Critzer*, 135 Kan. 579, 11 P. 2d 993.)

In Restatement of Property, § 231, *Comment a,* it is stated:

"Whenever an attempted prior interest is renounced, some disturbance of the desired plan of disposition is inevitable. The extent of this disturbance normally is kept at a minimum by accelerating the succeeding interests. This occurs in accordance with what is normally to be inferred as the intent of the conveyor, namely, that as each of the successive interests sought to be created by him ends or becomes impossible, the next in order in the limitation should move up. . . ."

The life estate devised to the widow having failed in its inception, the life estate in the son was accelerated and became a possessory estate. It also follows that the remainder to the grandchildren will become an estate in possession upon the death of the son who holds the preceding life estate. The grandchildren named as remaindermen are the children of the life tenant, Homer Orville Ward. At the time of the death of the testator, four children had been born. The remainder was vested in these four children subject to open and let in other children born to the life tenant. (*Faris v. Nickel*, 152 Kan. 652, 653, 107 P. 2d 721.)

It is contended that the unknown and unborn remaindermen will not be bound by a judgment in partition. In our recent case, *Lewis v. McConchie*, 151 Kan. 778, 100 P. 2d 752, it was held as stated in the syllabus:

"A court of equity has jurisdiction and inherent power, based upon considerations of necessity and expediency, to appoint a trustee for unknown or unborn contingent devisees or interest holders under a will, and to construe the will and determine their possible rights; and where that is done, and the interests of such unknown or unborn devisees or interest holders is considered and found to be no greater than that of living parties to the action, who are properly represented; and where the final judgment of the court is that such living parties have no share or interest in the property, contingent or otherwise, a judgment against such unknown or unborn contingent devisees or interest holders is binding upon them, presently and forever, to the same extent as though they were living adult parties to the action." (¶ 3.)

See, also, *Pedroja v. Pedroja,* 152 Kan. 82, 102 P. 2d 1012.

In the case before us, the four living remaindermen are represented by a guardian *ad litem*—the unknown and unborn children who may come into the group are represented by a trustee appointed by the court. As the rights of all the remaindermen are fully protected they will be finally concluded by any judgment rendered.

It is next asserted that the court is without jurisdiction to order partition against the remaindermen. In *Johnson v. Brown,* 74 Kan. 346, 86 Pac. 503, it was held that a person who holds in fee simple the undivided one-half interest in real estate can maintain a suit to compel partition as against his cotenants who have only a life interest in the other undivided half. As the remainderman was not joined, the court stated: "It is certain that until he is made a party, any division of the fee title will not bind him or his heirs." In *Kolterman v. Atkinson,* 151 Kan. 623, 100 P. 2d 729, the plaintiff owned an undivided one-sixth interest in fee simple, and also was the owner of a life estate *pur autre vie* in five-sixths—the remainder subject to the life estate was owned by the defendants. A judgment for the plaintiff decreeing partition was sustained.

Our statute G. S. 1935, 60-2102, provides:

"If the number of shares or interests is known, but the owners thereof are unknown, or if there are, or are supposed to be, any interests which are unknown, contingent or doubtful, these facts must be set forth in the petition with reasonable certainty."

The statute directs that in a partition proceeding, any interests which are unknown or contingent must be set forth in the petition. A reasonable construction of this section would seem to be that the holders of such unknown and contingent interests are liable to partition, if the proceedings are otherwise consistent with equitable principles.

In Simes, Future Interests, § 658, it is stated:

". . . Suppose A owns an undivided half in fee simple and B has a life estate in the other undivided half, with remainder to C in fee simple. If A brings the action for partition, it would seem that his right to have his entire interest partitioned cannot be effectuated without making the partition with respect to C's remainder. It would be a hardship to compel A to bring a second action after B's death merely because the other undivided interest involves a remainder. On the other hand, if B, the co-owner for life, should bring the action and A should resist it, no great injustice would be done in giving effect to the partition only for the term of B's life. That would accomplish all B desires in giving him a several enjoyment of the land, and, if A does not wish his interest partitioned, it would seem that he should not be compelled to submit to it for a longer period than is consistent with B's right to an enjoyment of his life estate in severalty. It appears that, under the English common-law writ, no partition was possible in either of the cases suggested beyond the life of the life tenant. A cotenant in fee simple holding with a cotenant for life with remainder over would therefore be compelled to bring two actions to secure the partition of his entire interest. As to partition in equity in the absence of statute, it is uncertain whether there ever was any liability to partition on the part of reversioners and remaindermen. It would seem, however, that, even in the absence of statute, there should be such a liability on the part of all owners of future interests when an action is brought by a possessory cotenant in fee simple."

At the time of the death of Albert A. Ward, our statute G. S. 1935, 22-108, was in force. It reads:

"One-half in value of all the real estate in which the husband, at any time during the marriage, had a legal or equitable interest, which has not been sold on execution or other judicial sale, and not necessary for the payment of debts, and of which the wife has made no conveyance, shall, under the direction of the probate court, be set apart by the executors or administrators as her property, in fee simple, upon the death of the husband, if she survives him. . . ."

When the estate was closed the new probate code was in effect, and the foregoing section was superseded by G. S. 1939, Supp. 59-505. We think it clear that both sections contemplate that the share of the surviving spouse is to be held in severalty.

Plaintiff asks that her undivided one-half interest be set apart to her—that partition in kind be made. We think the petition stated a cause of action, and order of the court in overruling the demurrers is sustained.

Where the object of a partition is the sale of the land and a division of the proceeds other considerations will arise. That question is not now before us.

The judgment is affirmed.