*In the matter of the Petition of* A. A. HYDE *for a Writ of Habeas Corpus.*

DISTRICT COURTS — *Jurisdiction — Claim Against Decedent's Estate.* The district courts of this state have jurisdiction to entertain and enforce a demand against property of a deceased person who, by will, devoted almost his entire estate to the perpetuation of a banking business in which he had been engaged during his life-time, and whose continuance he committed to executors named in his will; the claim sought to be enforced in the district court having originated in the course of the banking business, some years after the death of the testator, and after all debts of the testator existing at the time of his death had been paid.

*Original Proceeding in Habeas Corpus.*

THE case is sufficiently stated in the opinion herein, filed November 7, 1891.

*Campbell & Dyer,* and *W. E. Stanley,* for petitioner.

*Brooks & Coffin,* for respondent.

Opinion by SIMPSON, C.: This is an application in *habeas corpus,* brought in this court by A. A. Hyde, who claims to be illegally restrained of his liberty by an order of commitment made by the court of common pleas of the county of Sedgwick as for contempt, to enforce an order of that court. Hyde is one of the administrators with the will annexed of the estate of one W. C. Woodman, deceased. The order of the court of common pleas that he refused to obey, on which refusal the order of commitment was issued, was one made in an action against the executors of the estate of Woodman, commanding him to deliver to a receiver appointed in that action the property described in the order belonging to said estate. The material facts are, that in his life-time W. C. Woodman was engaged in the banking, loan and investment business in the city of Wichita, under the name of W. C. Woodman & Son, otherwise the First Arkansas Valley Bank. W. C. Woodman was, the sole owner of the business. Woodman died on the 27th day of December, 1887, having disposed of all his property by a will that was probated on the 14th day of January, 1888; and on that day Elizabeth Woodman, his widow, and W. S. Woodman and U. S. Grant Woodman, his sons, were qualified as executors, having been named as such in the will. By the express provisions of the will, all the property, real, personal, and mixed, of the deceased, except the homestead occupied by the family, was devised to the executors in trust as the capital of the First Arkansas Valley Bank of W. C. Woodman & Son, and the executors were directed to continue said banking business for the term of 20 years after the death of the said W. C. Woodman.

It seems, from a cursory examination of the terms of the will, that the conduct and management of the banking business to be conducted by the executors was one of almost unlimited discretion on their part. There seem to be no limitations or

conditions attached to the control of the executors in the transaction of the business. Nor does it appear but that the whole estate, of every kind and description, except some specific legacies, was to be used as the capital and resources of the banking business. From the date of their qualification until the 4th day of February, 1891, these executors continued the business, receiving deposits, making loans and investments, buying and selling exchanges, and in detail transacting a general banking, loan and investment business. On the 4th day of February, 1891, the bank, being unable to pay its current obligations, closed its doors and suspended payment, owing debts exceeding the sum of $100,000, all of said debts having been contracted since the death of W. C. Woodman. All indebtedness of Woodman contracted prior to his death had been paid, and the statutory period within which such claims could have been presented and allowed in the probate court had expired before the 4th day of February, 1891. After the failure of said bank, on the 4th day of February, 1891, and prior to the commencement of the action in which the order of commitment was issued, the said Elizabeth Woodman and the other executors named in the will were removed by the probate court of Sedgwick county, and the petitioner, A. A. Hyde, and U. S. Grant Woodman were appointed administrators with the will annexed of said estate, and took possession of the assets thereof, and proceeded to the administration of said estate. After the appointment of said administrators, a large number of the creditors of said estate, whose claims grew out of the banking business as conducted by the executors, presented their claims for allowance in the probate court. On the 23d day of April, 1891, the National Bank of Kansas City, Mo., filed its petition in the court of common pleas of Sedgwick county, on its own behalf and on behalf of all other creditors of said bank similarly situated, against the executors, administrators with the will annexed, legatees, and other beneficiaries under the will, praying the appointment of a receiver to take charge of the assets of said bank. On the 13th day of June, 1891, one W. D. Keyes, who claims to be the owner

of a judgment recovered by T. B. Wall, one of the depositors of said bank, against Elizabeth Woodman, W. S. Woodman, and U. S. Grant Woodman, individually and as executors and trustees, by leave of the court filed his cross-petition in said action, and joined with the plaintiff therein in the application for the appointment of a receiver in that cause. On the 24th day of June, 1891, the district court appointed one Frank W. Oliver receiver in the action of the Bank *v.* Elizabeth Woodman *et al.* of all the assets, real estate, property, equitable interests, things in action, chattels and effects of every kind and nature belonging or in any way appertaining to the estate of W. C. Woodman & Son, otherwise the First Arkansas Valley Bank, of Wichita, Kas., vesting the said Oliver with all the rights and powers of a receiver in equity, and ordering the defendants to turn over all the property in their possession or under their control to him. Oliver filed his oath on the 27th day of June, and filed a bond approved by the court on the same day. Hyde, as one of the administrators with the will annexed, refused to turn over property of the estate in his possession to the receiver. He was attached for contempt, and filed his reasons in writing for his failure to comply with the order of the court, and was adjudged guilty of contempt, was fined $100, taxed with the costs of the attachment proceedings, and committed to the jail of Sedgwick county until he obeys the order of the court and surrenders to the receiver the property of the estate in his custody. The commitment was dated on the 25th day of July, 1891.

The principal contention of the attorneys for the petitioner is based upon the assertion that the court of common pleas of Sedgwick county had no jurisdiction to entertain the action of the Kansas City bank, and to appoint the receiver; that the claim of the bank was one against the estate of Woodman, of which the probate court of Sedgwick county had primary and exclusive original jurisdiction. On the other side, it is said that the claim of the Kansas City bank is one against the Woodman bank, and not against the Woodman estate; that it originated long after the death of Woodman, and is not a claim

properly against the estate, and is of that nature that the machinery, practices and usages of the probate court are not sufficient to properly enforce. This preliminary statement appears to be sufficient to develop the consideration that must control us, which is, that if the court of common pleas of Sedgwick county had, upon the facts presented, jurisdiction of the subject-matter of the action, its order appointing a receiver, however erroneous, will not be reviewed by this court on a *habeas corpus* proceeding. (*In re Morris*, 39 Kas. 28; *In re Petty*, 22 id. 477; *In re Dill*, 32 id. 668.) This court has said, in the case of *Shoemaker v. Brown*, 10 Kas. 383, that—

"The district courts of the state have jurisdiction concurrent with the probate courts over certain matters relating to the estates of deceased persons; and, in the exercise of their equity or chancery jurisdiction, the district courts may entertain and determine actions to foreclose mortgages where the defendant is a legal representative of a deceased person, or any other proper proceeding over the estates of deceased persons, and over the legal representatives and heirs of decedents."

It is further said in that case, that the district courts of this state have full chancery powers, and that courts of equity have always had a paramount jurisdiction over the estates of deceased persons; that these powers are not taken away by the statutes regulating the duties and defining the powers and jurisdiction of the probate court. This has been maintained in many other cases, and it must be held to be settled law in this state that, when certain facts exist, growing out of the liabilities of a deceased person, or it may be arising out of the settlement of the estate of a deceased person, wherein the probate court, by reason of its limited jurisdiction and restricted authority, cannot protect and enforce the rights of all persons involved in the controversy, the equitable power of the district court may be invoked in their behalf. In the case of the Kansas City Bank *v*. Elizabeth Woodman *et al.*, out of which this controversy grows, there are two questions that sufficiently support the jurisdiction of the district court to entertain the action. One of these is, that the claim sued upon is not one

against the estate of W. C. Woodman, deceased, because it originated long after his death, in the course of that banking business which he sought to perpetuate by the terms of his will, and strictly speaking is a claim against the assets of the bank, these assets being held in trust for banking purposes; and the other is, that it is an admitted fact on the hearing that all claims against the estate of Woodman that existed at the time of his death have been paid. It seems apparent that by the terms of the will the property enumerated in that instrument was a fund set aside and solely appropriated to the banking business to be conducted after his death by his executors; that it was a trust fund for the purpose of carrying on such banking business, and by the clearest principles of equity the debts contracted in the operation of such business must be paid out of such funds to the exclusion of other debts or to the claims of the heirs. The ordinary proceedings of the probate court are inadequate to the task of determining the many questions that may arise, and its restricted process and limited powers not sufficient for all the purposes of such a litigation. The primary jurisdiction in such cases rests with the district court. The court of common pleas of Sedgwick county having jurisdiction of the persons and the subject-matter of the action, we cannot say that the order appointing a receiver was absolutely void, and it follows that the petitioner must be remanded to the custody of the sheriff.

By the Court: It is so ordered.

All the Justices concurring.