No. 21,140.

A. E. EVERITT, *Appellee*, V. WILLIAM HENRY HASKINS and MARY R. HASKINS (WILLIAM M. PECK, Garnishee), *Appellants*.

### SYLLABUS BY THE COURT.

PROCEEDINGS IN AID OF EXECUTION—*Will—Spendthrift Trust*. To create a spendthrift trust a will need not expressly declare that the interest of the *cestui que trust* shall be beyond the reach of his creditors. It is sufficient if that intention can be clearly ascertained from the whole will. In the present case, it is held that the will created such a trust and that the trust property cannot be reached by creditors of the *cestui que trust*.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed March 9, 1918. Reversed.

*Homer Kennett, Olin Hunter*, and *Tom Kennett*, all of Concordia, for the appellants.

*Park B. Pulsifer*, and *Charles L. Hunt*, both of Concordia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from an order made in a proceeding in aid of execution.

The will of William H. Haskins was probated on February 19, 1908. It provided for the payment of the debts of the

testator, and, among others, contained the following additional provisions:

"Second. I give, devise and bequeath all of the balance of my property, both real and personal, after the payment of my debts, to my wife Lydia Haskins, if she survives me, for her use and benefit during her life, with full power to use and dispose thereof, as she may see fit, for her own comfort and pleasure, and not to account to any one for such use, nor be in any wise restricted in the use thereof, whether of income, increase or the property itself.

"Third. Any of my property that may remain after the death of both myself and my wife not expended, used or disposed of I hereby give, devise and bequeath to my three children, Emma M. Gleason, William Henry Haskins and Lida Nelson, share and share alike. Should any of my children die before either myself or wife, then such share, as he or she would have received, as herein provided, shall go to their descendants if any, and if they leave no descendants then to the surviving of my children, in equal shares. The share of my son William Henry, as provided herein, shall not be given into his control, but shall be put into the hands of my Executor, Wm. M. Peck, as Trustee for my said son. Said Trustee shall invest and manage the same, as to him seems best, and pay to my said son the sum of Three Hundred Dollars ($300.00) per annum, in semi-annual installments of $150 each, but such amount may be increased to whatever may be considered necessary, by the Trustee, by any change in condition of said William Henry, to an amount sufficient for his comfort. Such amount to be paid by the Executor, or Trustee, out of any money thus coming to him, whether income, increase, or the corpus of the estate so given; it being my intention that he shall have, as above provided, the said sum of Three Hundred Dollars, or more if necessary, per year, so long as there shall remain any property herein given him from which to pay it. Should there be any of the estate herein given to my son William Henry remaining at his death, it shall be paid over and conveyed by the Trustee to the heirs of said William Henry. It is my will and I hereby direct, that in no event shall any of my estate ever be given to the husbands, either present or future, of my daughters, but shall be kept free from such husbands, during the life of my said daughters, and, if any remains of their respective shares at their death, it shall go to their heirs, other than their husbands. It being my will and intention that my said daughters, after they receive their share, shall be unrestricted in the use, or disposition thereof, in any other way than, as herein provided, that it shall in no event go to their husbands.

"Fourth. It is my will, and I hereby appoint as the executor of this, my last will and testament, Wm. M. Peck, and, as trustee for the share of my son William Henry, when the same shall come to him; . . .

"Fifth. I hereby vest the legal title of and to all real estate, that I may own, in my wife, so long as she may live, and hereby give her full power to transfer, convey and dispose of the same, and execute any and all deeds of conveyance thereof, that may be necessary or convenient.

"After the death of my wife, such power is hereby vested in my executor and trustee to sell transfer and convey any and all property, at any time in the execution of the trust herein imposed."

On September 29, 1914, the plaintiff obtained a judgment for $1,123.61, in the district court of Cloud county, against the defendants, William Henry Haskins and Mary R. Haskins. On November 7, 1914, execution was issued on the judgment, but no property was found on which the execution could be levied. On December 24, 1914, an affidavit, under section 524 of the code of civil procedure, was filed with the probate judge of Cloud county, alleging that the plaintiff had reason to believe and did believe that Wm. M. Peck had property of William Henry Haskins and was indebted to him, which property was not exempt from being taken on execution to satisfy the judgment heretofore rendered. The defendant, Wm. M. Peck, appeared and was examined. The probate judge ordered Wm. M. Peck, as trustee, to pay $300 per annum in semiannual payments to the clerk of the district court to be applied on the judgment, interest, and costs; and, until the judgment, interest, and costs are paid in full, to pay such additional sums to the clerk of the district court as the trustee might otherwise see fit to pay to defendant William Henry Haskins. The probate judge further ordered the trustee, until the judgment, interest, and costs are fully paid, to make no transfer or disposition, other than as above directed, of any of the property in his hands as such trustee, and to pay no money and to turn over no property to William Henry Haskins.

From the order of the probate judge the defendants appealed to the district court. That court sustained and confirmed the rulings and orders made by the probate judge. From the order made by the district court the defendants appealed to this court. They argue that the will created a spendthrift trust, and that the funds in the hands of the trustee cannot be reached by the creditors of William Henry Haskins.

Cases involving the law of spendthrift trust have been before this court on two occasions. The first time in *Sherman v. Havens*, 94 Kan. 654, 146 Pac. 1030, and the last time in *Pond v. Harrison*, 96 Kan. 542, 152 Pac. 655. The decision in the

latter case will not assist the court in the case that is now presented, for the reason that in the Pond case the will expressly stated that the fund therein bequeathed should not be subject to the payment of the debts of the spendthrift, on execution, attachment, or otherwise. The present case must be determined according to the rules announced in *Sherman v. Havens*, 94 Kan. 654, 146 Pac. 1030. In that case this court said:

"The rule adopted by the majority of the American courts is that 'it is lawful for a testator or grantor to create a trust estate for the life of the *cestui que trust*, with the provision that the latter shall receive and enjoy the avails at times and in amounts either fixed by the instrument or left to the discretion of the trustee, and that such avails shall not be subject to alienation by the beneficiary nor liable for his debts.' (26 A. & E. Encycl. of L. 139.) . . . The question is a new one in this state. There is no statute or decision upon the subject, but we see no reason why the rule adopted by the majority of the courts of this country should not apply here. . . . It accords not only with the weight of authority in this country and with sound reasoning, but also with the general policy which the state has always maintained respecting the rights of creditors and debtors as shown in the liberal provisions of our exemption laws. . . . There is some conflict in the authorities as to what is essential to the creation of a spendthrift trust. It seems to be clearly established, however, that the intent need not be stated in express terms." (pp. 657, 659, 660.)

"It is not necessary that an instrument creating a spendthrift trust should contain an express declaration that the interest of the *cestui que trust* in the trust estate shall be beyond the reach of his creditors, providing such appears to be the clear intention of the testator or donor as gathered from all parts of the instrument construed together in the light of the circumstances. The court will look to the intention disclosed by the whole instrument, rather than to the language employed in any particular clause of it." (26 A. & E. Encycl. of L., 2d ed., 141.)

(See, also, notes found in 3 A. & E. Ann. Cas. 1010; 18 Ann. Cas. 495; Ann. Cas. 1917 B, 400; 24 Am. St. Rep. 686.)

In *Leary v. Kerber*, 255 Ill. 433, a will containing provisions very closely parallel to the one now under consideration was held to create a spendthrift trust.

The will of William H. Haskins expressly provides that none of the property shall be given into the control of William Henry Haskins, but, instead thereof, that control is given to the trustee, who shall invest it and manage it as to him seems best. Any payment over $300 per annum is within the discretion of the trustee. The wife of the testator, during her life, had absolute power of disposition over the entire estate, and after

her death that power was given to the trustee. The trustee's control, discretion, and power of disposition cannot be regulated or directed at the suit of creditors. The exercise of such authority by the courts would be in contravention of the terms of the will.

Why did the testator put these provisions in his will? The answer is that he intended that William Henry Haskins should not exercise any discretion concerning, or any control or power of disposition over, the property that was placed in the hands of the trustee.

William Henry Haskins cannot control or dispose of the semiannual payments before they have been paid to him. The will directs that the payments shall be made to him. If he can assign or transfer his right to the payments before they are made, or before they are due, he can entirely defeat the will so far as provision therein made for his benefit is concerned. If he can assign the payments and give to his assignee the right to collect them, he can assign all the payments that will ever be made to him, and he can transfer to his assignee all the benefits that are given to him under the will. That would be in contravention of the terms of the will. If Haskins cannot assign the payments, his creditors cannot, by any legal proceeding, appropriate them to the payment of the debts of Haskins. It follows that the will created a spendthrift trust to which creditors of William Henry Haskins cannot look for the payment of any debts contracted by him.

The judgment is reversed, and judgment is rendered in favor of the defendants.