No. 22,202.

S. C. BANKS et al., *Appellees*, v. FRANK P. WATKINS,
*Appellant*, et al.

### SYLLABUS BY THE COURT.

WILL—*Construction—Bequest of Life Estate Only.* The provisions of a
will are held to express clearly the intention of the testatrix to devise
to her son a life estate in certain lands, instead of an absolute title in
fee simple.

Appeal from Chase district court; WILLIAM C. HARRIS,
judge. Opinion filed June 7, 1919. Reversed.

*B. R. Leydig, K. M. Geddes,* and *E. W. Grant,* all of
El Dorado, for the appellant.

*F. A. Meckel,* of Cottonwood Falls, for the appellees.

The opinion of the court was delivered by

PORTER, J.: In a suit to quiet the title to real estate, the
sole question for determination is the construction of the last
will and testament of Mary K. Lansbery, a widow, who died
in 1885. Her will was executed in 1873, when she was 65 years
of age. The controversy arises over the following clause of
the will:

"I bequeath to my youngest son, Dennis M. Lansbery, all my right and
title to the NW¼ of the SE¼ and the NE¼ of the SW¼ of Section 17,
Township 22 S. of Range 8 East, being the farm on which I now reside,
on the following condition: That this land shall not be sold by my son,
Dennis M. Lansbery during his lifetime and after his death this land to
go to his heirs."

If it was the intention of the testatrix that Dennis M. Lans-
bery should take a fee-simple estate at her death, then the
judgment must be affirmed; if he took merely a life estate,
then the judgment of the trial court must be reversed. The
appellees in their brief print the first part of the clause as a
separate sentence with a period after the word "reside," and
then argue that the subsequent part of the paragraph is void
as an attempted restraint upon alienation after the testatrix
had made a devise in fee simple, and authorities are cited upon
that contention. In our view of the matter, there is no sub-

stantial room for doubt concerning the intention, although the language used is not that of a person skilled in drawing wills. In fact, it requires a most technical application of ancient and discarded rules for the construction of wills in order to find a basis for any dispute concerning the intention. The entire clause, as well as all other parts of the instrument which throw any light upon the question of intention, must be considered. If the clause read "on the following condition, etc., I bequeath to my son, Dennis," no one would question the intent to devise to Dennis a life estate. But it was not necessary for the condition to be stated first, since the testatrix bequeaths the property to Dennis "on the following condition," that after his death the land should go to his heirs, and he was not to dispose of it in his lifetime.

The will presents none of the features of testamentary instruments cited in the textbooks where the testator, having in unqualified terms devised in one part of the will an estate in fee simple, attempts in a subsequent clause to restrain the devisee from alienating the estate already devised; and even where the literal language of the will would present that situation, the rules of construction approved by modern authority do not consider the question as necessarily foreclosed, but if the intention gathered from all portions of the instrument appears to have been to devise a lesser estate, the intent will be carried into effect.

In the recent case of *Morse v. Henlon*, 97 Kan. 399, 155 Pac. 800, the same contention was made respecting a will in which the scrivener divided the words used to express the making of a gift to a beneficiary into three paragraphs. In the first two paragraphs he gave and devised to his wife certain real estate. In the third item or paragraph the language was:

"I give and devise to Melvina Wade, my beloved wife, all the above named property for her to have and to hold the use of the same to her for and during her natural life." (p. 400.)

And a subsequent clause disposed of the remainder. There was far more room in that case for the contention urged by the appellees in the present case, but it was held that the testator's intention to devise to the wife a life estate only was clearly and unequivocally expressed.

As an additional reason for construing the will as devising only a life estate to the son, the appellant suggests that this

was the construction which Dennis placed upon the will himself, and that the evidence shows that after his mother's death he went into possession but subsequently executed a deed conveying his interest to his daughter, and describing his interest as the life estate.

We think the language of the will is so plain as not to require even this additional circumstance to show the intention of the testatrix. As said in the syllabus in *Morse v. Henlon,* supra:

"There is no occasion for employing rules for judicial construction of a will in search of the testator's intention where such intention is expressed clearly and unequivocally in the instrument." (Syl. ¶ 1.)

The appellees invoke the section of the statute of wills which reads:

"Every devise of real property in any will shall be construed to convey all the estate of the testator therein which he could lawfully devise, unless it shall clearly appear by the will that the testator intended to convey a less estate." (Gen. Stat. 1915, § 11810.)

It is argued that, inasmuch as all the estate which the testatrix could devise was a fee simple, it must have been her intention to give the fee simple to her son, Dennis. She fully complied with this provision of the statute, but she did not see fit to give all the estate which she could lawfully devise to Dennis. On the contrary, she devised to him a life estate, with the remainder to his children.

The judgment will be reversed and the cause remanded with directions to proceed accordingly.