Bierer v. Bierer.

No. 26,645.

SAMUEL BIERER, Trustee, *Appellee*, v. GEORGE BIERER, FREDERICK BIERER, LOUIS H. PUTNEY, a Minor, STERLING LITTLE, a Minor, *Appellees* (MARY E. BIERER, *Appellant*).

SYLLABUS BY THE COURT.

1. WILLS—*Construction—Intention of Testator.* A testator is not required to write all the provisions of his will in one sentence, or in one paragraph. The will should be construed as a whole for the purpose of determining the intention of the testator.

2. SAME—*Probate—Construction of Final Order.* The language of an order of the probate court approving the final account of executors, and finding and adjudging who are the heirs and entitled to distributive shares of the estate, should be construed to be in harmony with, rather than antagonistic to, the provisions of the will as to trustees for one of the heirs, if that can reasonably be done.

Appeal from Brown district court; C. W. RYAN, judge. Opinion filed May 8, 1926. Affirmed.

*Arthur M. Jackson,* of Leavenworth, for the appellant.

*F. M. Pearl, W. F. Means,* both of Hiawatha, *W. J. Boyd, M. J. Duvall* and *E. B. Wilkinson,* all of St. Joseph, Mo., for the appellees.

The opinion of the court was delivered by

HARVEY, J.:   This is an action to construe the will of Colonel Everard Bierer, late of Brown county. The testator was a practicing attorney for years, and the will is in his own handwriting. The provisions of the will, so far as they are necessary to be noted in this case, are in substance as follows: The first paragraph relates to the erection of a mausoleum for the interment of the testator and his family. The second paragraph gives all of the testator's property to his wife, should she survive him, for her use during her life or her widowhood. The third paragraph provides:

"Should my dear wife survive me, then after her decease or remarriage, I will and direct that all my real and personal estate with the exceptions hereinafter provided, shall descend and be distributed among all my children in equal shares, the children ' or descendants of any of my children who may have deceased taking and inheriting their parent's share by representation."

The exceptions noted are:   (a) That a son, Samuel, for reasons

Executors and Administrators, 24 C. J. p. 1025 n. 70.   Trusts, 39 Cyc. pp. 40 n. 14, 470 n. 33.   Wills, 40 Cyc. pp. 1092 n. 2, 1414 n. 26, 1621 n. 73, 1743 n. 38, 1744 n. 39, 1777 n. 83; 28 R. C. L. 215.

stated, should have an additional $1,000. (*b*) A daughter, Retta Shadel, should have the piano. (*c*) Any advancements which the testator charged on his books should be considered in making the distribution. (*d*) In the event any child of the testator died before the death of the testator and his wife, the share of such child should go to that child's children, if he or she left children, and if not, the same should become a part of the testator's estate, with a provision that the surviving wife or husband of such deceased child should receive $1,000. (*e*) In the fourth paragraph a provision is made that the daughter, Anna E. Bokaye, should have, if she desired it, a certain quarter section of land as her distributive share, the value to be determined by appraisement and adjusted in the distribution. (*f*) In the fifth paragraph an exception is made as to his son Daniel, as follows:

"The share of my estate coming to my son, Daniel Bierer, if he survives his mother and myself, shall not go into his possession but shall remain under the control of my executors or their successors as trustees during his life, unless he adopts better habits and shows better aptitude for business and taking care of money and property than he has ever heretofore done, in the judgment of my executors, he to enjoy the proceeds of his share of my estate for himself and children, the principal to be invested in real and personal property for his use, and said property to be distributed to his children in equal shares after his decease. Thereafter should his habits and business qualifications justify my executors in their judgments, as his trustees to do so, they may turn over to him all or part of his share of my estate, or the property in which they may have invested it. Under no circumstances whatever, nor at any time during his lifetime or afterwards, shall any part of the estate so left to him, ever go to or be possessed by the woman now, or once his wife, or any other woman he may marry."

In other parts of the will the testator nominated executors and authorized them to collect the estate, sell the real or personal property, and distribute it according to the terms of the will. There was also a provision that any of the sons or daughters according to their ages should be entitled to have the family home in Hiawatha at a moderate estimate of value for the same, to be agreed upon by the executors and the one entitled and desiring to take it, so that it may remain in the family.

This will was executed in February, 1907. The testator died December 10, 1910. At the time of his death he left surviving him his widow, seven children, and a grandson, a child of a deceased son. The widow died in May, 1913; she did not remarry. The executors named in the will took charge of the estate and collected and dis-

tributed it in accordance with the provisions of the will. The executors later qualified as trustees of Daniel Bierer, as provided in the fifth paragraph of the will, and continued in the possession of the share of the property which, had it not been for this paragraph of the will, would have passed to Daniel, until his death. Daniel Bierer died in January, 1925, and left surviving him a widow and two children by his first wife and two grandchildren, being the children of his deceased daughter, Ellen Bierer. The controversy in this case is between the widow of Daniel Bierer, on the one hand, and the children and grandchildren of Daniel Bierer, on the other. The widow claims one-half interest in the sum, about $12,000, in the hands of the trustees, and the children and grandchildren claim it all. The trial court decided against the widow, and she has appealed.

It is argued on behalf of appellant that the fifth paragraph of the will should be disregarded, for the reason that under the third paragraph of the will, upon the death or remarriage of testator's widow, the estate is to be divided among the children of the testator share and share alike, and that the testator, having, by this provision of the will, given Daniel Bierer a share of the estate equal to his other children, it was not within the power of the testator to make limitations upon that by a later provision of the will. This argument overlooks the fact that by the third provision of the will the property, upon the death of the testator's widow, "with the exceptions hereinafter provided," is to descend to his children share and share alike. Appellant contends that the exceptions referred to pertain only to those set out in the third paragraph of the will, but this contention cannot be sustained. The provisions of the fourth and fifth paragraphs of the will should be considered exceptions to the same extent as though separate paragraphs concerning them had not been made, but all of them had been placed in the third paragraph of the will. A testator is not required to write all the provisions of his will in one sentence, or in one paragraph (*Bullock v. Wiltberger*, 92 Kan. 900, 142 Pac. 950; *Morse v. Henlon*, 97 Kan. 399, 155 Pac. 800), and the will should be construed as a whole for the purpose of determining the intention of the testator. (*Postlethwaite v. Edson*, 98 Kan. 444, 155 Pac. 802; *Bryant v. Flanner*, 99 Kan. 472, 162 Pac. 280; *Brown v. Brown*, 101 Kan. 335, 166 Pac. 499; *Markham v. Waterman*, 105 Kan. 93, 181 Pac. 621.)

Appellant cites *Johanson v. Johanson*, 118 Kan. 103, 233 Pac.

1039, in support of the view that the words, "with the exceptions hereinafter provided," cannot refer to the fifth paragraph. In that case there was an outright devise of property to the wife. In a later provision the testator attempted to dispose of the wife's property at her death—a thing he could not do in any event. Here the gift to children is subject to "exceptions herein provided," and the will states the exceptions in consecutive order, and as to share coming to Daniel, the exception is that this "shall remain under the control of my executors . . . as trustees during his life, . . . . he to enjoy the proceeds . . . for himself and children, the principal to be invested in real and personal property for his use, and the said property to be distributed to his children in equal shares after his decease." This amounts to the gift of the principal to Daniel's children, the income only to be distributed to Daniel during his life. Appellant calls attention to the wording, "The share of my estate coming . . . to Daniel," and "his share," as recognizing the full ownership of this share in Daniel; but it is clear these terms are used as a name for the one-eighth of the testator's estate then being considered, rather than denoting full ownership of such share in Daniel. So construed these terms are not inconsistent with the other language used in the will.

We need not in this case consider what the rights of the parties would be had the widow of the testator remarried, or had the trustees concluded to turn over to Daniel the possession of the share of the estate which, by the will, was to go to him or to his children, for these situations are not before us. Under the terms of this will this share or portion of the testator's estate became finally vested in the children of Daniel Bierer, and never at any time vested in Daniel. (*Hurst v. Weaver,* 75 Kan. 758, 90 Pac. 297.) He received only the income or profits from the investment thereof by the trustees.

Appellant contends that the fifth paragraph by its wording is not sufficient to create a trust. With this contention we cannot agree. The paragraph created what is commonly known as a spendthrift trust, for the benefit of Daniel Bierer and his children, and the language is sufficient for that purpose. (*Everitt v. Haskins,* 102 Kan. 546, 171 Pac. 632; *Grossenbacher v. Spring,* 108 Kan. 397, 195 Pac. 884.) It is clear from the will that no part of the testator's estate was devised or bequeathed to any widow of Daniel Bierer.

It is not necessary to review the many cases which the industry of able counsel has called to our attention. We have examined all of them, and others; there is nothing in any of them in conflict with the conclusion here reached.

Another point must be noted. On January 1, 1916, when the executors closed the estate in probate court, that court made a finding and adjudged who were the heirs of Everard Bierer and entitled to share in the distribution of his estate and the amounts to be paid to each. This included "Daniel Bierer, son, $1,039.48," and the executors were ordered to distribute the respective sums to the persons named, taking their receipts therefor to be filed with the final report. Whether this sum was paid to Daniel or to his trustees is not shown by the record. Neither does the record show whether this $1,039.48 is a part of the money now in the hands of the trustees, a share of which plaintiff seeks to obtain in this action. In previous orders of the probate court making partial distribution of the estate, the orders were to pay "to Samuel Bierer, trustee, for Daniel Bierer" the sums distributed. Appellant contends that the finding and judgment of the probate court of January 1, 1916, is a final adjudication that Daniel Bierer, in his own right, rather than his trustees or his children, is entitled to his distributive share of the estate, the same as the other children of Everard Bierer, and since there was no appeal from that judgment, the other parties to this action are estopped thereby from contending that he is not the owner in fee of such share. But the probate court at that time was closing the account of the executors. It was not dealing with a trust created by the will. The district court is the proper court to administer a trust. (*In re Hyde, Petitioner,* 47 Kan. 277, 27 Pac. 1001.) It will not be presumed that the probate court was attempting to make an order inconsistent with the terms of the will; but the order and the terms of the will should be construed together. The receipt of Samuel Bierer, as trustee for Daniel Bierer, would have been a sufficient receipt to comply with the final order of distribution. Hence, the finding and judgment of the probate court is not controlling in this case.

The judgment of the court below will be affirmed.