No. 31,910

MARY KOSAR and CHARLES BOUCEK, *Appellees*, v. MARY BOUCEK, TRACY WOLF, BERTHA PROCHASKA, ANNA PUGH and MARY BOUCEK as Executrix of the Estate of Fred Boucek, Deceased, *Appellants*.

(42 P. 2d 596)

Opinion filed April 6, 1935.

*Lee Jackson,* of Minneapolis, and *Clyde L. Short,* of Concordia, for the appellants.

*L. A. McNalley* and *F. D. Boyce,* both of Minneapolis, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for the construction of a will. Judgment was for plaintiffs. Defendants appeal.

Testator died seized of a house and lot in Ada, and eighty acres of land in Ottawa county. He also owned a $5,000 mortgage. By his will he appointed his widow, Mary Boucek, executrix. The will, in part, reads:

"Second: I give, devise and bequeath to my wife, Mary Boucek, all the personal property that I may own at the time of my decease after the paying of my debts and funeral expenses, also lots four (4) and five (5), in block twelve (12), in the town of South Ada, Kansas, Ottawa county, to be hers absolutely. I give and devise to my wife, Mary Boucek, for her use and benefit during the term of her natural life, all the balance and remainder of my real estate that I may own at the time of my decease, with remainder over as hereinafter provided.

"Third: Subject to the life estate of my wife, Mary Boucek, therein, I give, devise and bequeath, equal to my daughters, Mary Kosar, Tracy Wolf, Bertha Prochaska, Anna Pugh, and my son, Charles Boucek, all the following-described real estate, the west half of the southwest quarter of section six (6) in township ten (10) south of range five (5) west of the sixth principal meridian, in Ottawa county, Kansas, the east half of the southeast quarter of section one (1), in township ten (10) south, range six (6) west of the sixth principal meridian, in Lincoln county, Kansas.

"Fourth: Subject to the life estate of my wife, Mary Boucek, therein, I give, devise and bequeath, equal to my daughters, Mary Kosar, Tracy Wolf,

Bertha Prochaska, Anna Pugh, and my son, Charles Boucek, all my personal property." ·

The wife, Mary Boucek, approved the above will and consented to take under it.

The plaintiffs in this case are a daughter and a son of testator. The defendants are daughters and the widow. The controversy arises because plaintiffs claim that the will gives the mother only a life estate in the personal property. The mother and two of the daughters claim that the will bequeathed the personal property to the mother outright with full power to dispose of it. The other daughter named as defendant did not appear. The trial court entered judgment in accordance with the claims of plaintiffs, that the mother took only a life estate in the personal property, and that at the death of Mary Boucek the personal property would pass to the children, share and share alike. From that judgment this appeal is taken.

It should be noted that clause two of the will purports to give to Mary, the wife, all the personal property of which testator may die seized and the house and lot in the town of Ada. This bequest is all contained in one sentence and ends with the words "to be hers absolutely."

Were it not for the language of the fourth clause of the will we might very well say that this clause bequeathed to Mary all the personal property of testator absolutely. The fourth clause bequeathed to the daughters and the son all of the personal property, subject to the life estate of the mother.

It is well established that the rule for construing a will is to consider the circumstances surrounding the testator and find what his intention was. (*Hawkins v. Hansen,* 92 Kan. 73, 139 Pac. 1022.) Another rule is stated in *Brown v. Brown,* 101 Kan. 335, 166 Pac. 499. There this court said:

"A canon of construction to which all other rules are subordinate is that the intention of the testator as gathered from all parts of the will is to be given effect and that a doubtful or inaccurate expression cannot be permitted to defeat the obvious intent of the testator." (p. 339.)

Keeping these rules in mind, we will examine the will. The second clause first speaks of the personal property and gives it to the wife. The clause then speaks of the lots in Ada, where the parties were living at the time. Following the language which speaks of the house and lot occurs the statement "to be hers absolutely." In

view of later provisions of the will, which will be discussed presently, we conclude that the words "to be hers absolutely" refer to the house and lot in Ada and not to the personal property. This conclusion is strengthened by the fact that in the next sentence of the same clause testator gives to his wife a life estate in all the balance of his real estate and provides to whom the remainder shall go.

This takes us to the fourth clause of the will. It must be remembered that the preceding clause provided to whom the remainder in the life estate in the eighty-acre farm should go. In the fourth clause the testator bequeaths personal property to the children, but provides that it shall be subject to the life estate of the wife. Now, if testator in the fourth clause had bequeathed the personal property to the children outright, there would have been contradictory provisions in the will. As it is, the construction given it by the trial court makes every part of the will operative and gives effect to what appears to have been the intention of the testator.

The judgment of the trial court is affirmed.