No. 34,076

Leon Carl Johnson, *Appellant,* v. Edith Celestine Muller et al., *Appellants;* Leroy C. Muller et al., *Appellees.*

(86 P. 2d 569)

*David Ritchie* and *C. L. Clark,* both of Salina, for appellant Leon Carl Johnson; *Archie T. McDonald,* of McPherson, for appellant Edith Celestine Muller.

*Ralph Knittle,* of Salina, for the appellees.

The opinion of the court was delivered by

THIELE, J.:   This was an action to construe a will and to partition the real estate therein devised.

Charles G. Johnson, a resident of Saline county, died January 20, 1932, leaving a last will and testament, which was thereafter duly admitted to probate.   Omitting its introductory parts, the will reads:

"I give and devise and bequeath all my estate, real, mixed and personal and whereas situated, as follows:

"*First:* I direct that out of my personal property all my just debts, including the expenses of my last illness and burial, be paid.

"*Second:* I direct that, after taxes and necessary maintenance on my farm are paid, all the income from my property, real, mixed and personal, be paid to my beloved wife, Florence Mary Johnson. In case this income be not sufficient for her living expenses, then, and then only, there shall be added to such net income an amount from other cash on hand and from the sale of personal property to equal nine hundred dollars per year.

"*Third:* I direct that, after the death of my wife, after taxes and necessary maintenance, expenses on farm improvements are paid, the income from my property, real, mixed and personal, be divided equally between my daughter, Edith Celestine Muller, and my son, Leon Carl Johnson.

"*Fourth:* After the death of my daughter, her half of my estate shall go to her children, share and share alike. At her death, in case none of her children survive her, her share shall revert to the residue of my estate.

"*Fifth:* After the death of my son, his half of my estate shall go to his wife and children according to the law of descents and inheritances in the state of Kansas. In case he has no children his wife shall receive the income of his share until her death, when his share shall revert to the residue of my estate.

· "*Sixth:* The residue of my estate thus created shall go to my then surviving heirs according to the law of descents and inheritances of the state of Kansas.

"*Seventh:* The trustees shall have all power and duties of owners for the operation, management and protection of my estate, real, mixed and personal, except they shall not be empowered to incur debt, negotiate a mortgage on or sell any of the farm land owned by me at the time of death during the life of my children; but they shall be empowered and have authority to divide my farm land equally between my daughter, Edith Celestine Muller, and my son, Leon Carl Johnson, or their heirs above specified.

"*Eighth:* As executor and trustees to carry out the provisions of this will, I appoint my wife, Florence Mary Johnson, my daughter, Edith Celestine Muller, and my son, Leon Carl Johnson. In case of the death or disability of one of the above trustees, the two remaining shall have the power to fill the vacancy. In case they are unable to agree on a succession or in case two vacancies are to be filled at the same time, then the district judge shall have power to fill the vacancy."

The widow, Florence Mary Johnson, died intestate in October, 1937. When the action was commenced the plaintiff Carl Johnson was married to Lillian A. Johnson. They had no children. Edith Celestine Muller was married to Roy J. Muller. They had two children, LeRoy C. Muller, aged ten years, and Barbara L. Muller, aged two years.

The action was started by the son, Leon Carl Johnson, who made his wife, his sister and her husband and their children defendants. We need not review the allegations of the petition setting up the will, its admission to probate, the relationship of the parties, etc., as there is no dispute with respect to any of them. Plaintiff's contention was that under a proper construction of the will the widow was given a life estate in all of the property, and that he and his sister were given the remainder in fee free from the claims of every other person; that he was the owner of an undivided one-half interest in all of the property and that his sister had a like interest, and under appropriate allegations he prayed for partition accordingly. Edith Celestine Muller and her husband answered, admitting the allegations of plaintiff's petition, and prayed for like relief. Ralph C. Knittle was appointed guardian *ad litem* for the minors, LeRoy C. Muller and Barbara L. Muller, and answered on their behalf, the general effect of the answer being to present a claim that Florence Mary Johnson and Edith Celestine Muller held the legal title in trust, and that the minors had an undivided contingent remainder in the estate of the deceased, and that the real property was not subject to partition. Other pleadings need not be mentioned.

The matter was submitted to the trial court, which found there was no dispute of fact and which concluded that Charles G. Johnson, by his will, intended to establish a testamentary trust; and that if the words used by him were alone insufficient to expressly convey the title to the trustees named, then such a trust was created by reason of the nature of the duties to be performed by the trustees; that the title to the property was in Leon Carl Johnson and Edith Celestine Muller as trustees of the testamentary trust created by

the will and not in fee simple, and that each of the minor defendants have an interest in the estate contingent upon his or her surviving their mother, and that if the plaintiff, Leon Carl Johnson, leave surviving child or children, they would have a like interest. The trial court also concluded that the possession of the real estate by Leon Carl Johnson and Edith Celestine Muller was in their capacities as trustees and not as individuals, and that the real estate was not subject to partition at that time. Judgment was entered accordingly. The plaintiff and the defendant Edith Celestine Muller filed their motion for a rehearing, and upon its being denied, they appeal to this court, specifying as error the matters hereafter discussed.

Preliminary to a discussion of appellants' contentions, it is to be observed that where there is no ambiguity or uncertainty in the language of a will, there is no necessity for construction, and in that event the will is to be enforced in accordance with its provisions (*Martin v. Martin,* 93 Kan. 714, 145 Pac. 565). Where construction is necessary, the intention of the testator must be gathered from all portions of the instrument, and that intention must prevail if it is consistent with the rules of law (*Banks v. Watkins,* 105 Kan. 104, 181 Pac. 608).

In *Selzer v. Selzer,* 146 Kan. 273, 69 P. 2d 708, 116 A. L. R. 1, it was held:

"A rule for the interpretation of wills, to which all other rules must yield, is that the intention of the testator must control. In order to ascertain that intention it is the duty of courts to consider the will as a whole and to give to its various provisions such construction, if reasonably possible to do so, as will effectuate rather than defeat the intention of the testator." (Syl. ¶ 1.)

In *Hinshaw v. Wright,* 124 Kan. 792, 262 Pac. 601, the rule was stated:

"Rule followed that to ascertain the character and extent of a devise of real property all the provisions of a will pertaining thereto must be read and construed together, not by giving controlling significance to one of the terms of the devise and ignoring the others." (Syl. ¶ 1.)

Other statements may be found in the following cases: *Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621; *Bierer v. Bierer,* 121 Kan. 57, 245 Pac. 1039; *Guthrie v. Guthrie,* 130 Kan. 433, 286 Pac. 195; and *Kosar v. Boucek,* 141 Kan. 576, 42 P. 2d 596.

Bearing in mind these rules, we take up appellants' contention as presented in their brief.

Although in plaintiff's petition it was alleged that the widow took a life estate with remainder to the son and daughter, it is urged here that under the second paragraph of the will there was an unqualified and unlimited gift of the rents and income from the estate to the widow, which in legal effect would be a gift of the estate itself, and that the widow having taken the life estate and having died intestate, appellants as her sole heirs are now the owners. In support of their contention, appellants direct our attention to *Schnack v. City of Larned,* 106 Kan. 177, 186 Pac. 1012, in which it was said:

"In legal effect a gift or devise of the total income of property without limitation as to time operates as a grant of the entire estate." (p. 180.)

and also to Thompson on Construction of Wills, p. 459, § 329, where, in part, it is stated:

"An unqualified and unlimited gift of the rents, income or profits of real estate is a gift of the land itself, for the value lies in the profits, but this rule is one of construction which may be rebutted by any clear expression in the will to the contrary."

It will be observed that the second paragraph of the will does not give to the widow an unqualified gift of the total income of the property, but only net income. Nor could the rule be applied in any event without ignoring the second sentence of that paragraph and the remaining parts of the will which limit the time to the widow's life.

Appellants further say that even though it be held that the widow took a life estate, Leon Carl Johnson took one-half of the remainder, for the reason that the first sentence of the fifth paragraph is void in that the devise is limited to what he would take by descent. We think it unnecessary to discuss the contention at length, for it is predicated on a single sentence and ignores the remainder of the particular paragraph of the will as well as other paragraphs of the will. Insofar as the second sentence of paragraph five is concerned, it is contended that it is void for the reason that the "estate" was not an entity which could take under the will. (*Gardner v. Anderson, Trustee,* 114 Kan. 778, 784, 227 Pac. 743.) This contention cannot be upheld. It will be observed the fifth paragraph provides that if there is a certain failure of heirship, the share shall revert to the residue of the estate. Under the sixth clause of the will, there is a specific devise of the residue.

In part, a similar argument is made as to the fourth paragraph,

which makes provision for the daughter's children. In addition, it is contended there is no remainder created, for the reason that a life estate was given to the widow, then a life estate to the ·daughter with no disposition of the ultimate or remaining interest, which it is argued went to the heirs of Charles G. Johnson and vested in them at the time of his death. W.e think such a conclusion would do violence to the plain language of the fourth paragraph when read in connection with the sixth paragraph. Under the fourth paragraph, it seems clear to us the daughter's children, if any, took in remainder the property in which she had a life estate, and failing children, the remainder passed under the sixth paragraph.

And finally, appellants question the holding of the trial court that a trust was created by the will. It is true there was a failure on the part of the testator to specifically devise the property to the trustees, but that he prescribed the powers and duties of the trustees is clear. In Thompson on Construction of Wills, p. 715, § 564, it is said:

"Where there is no express devise to the trustee, it must appear that the testator intended he should take an estate, and where from the nature of the · duties to be performed, it appears that the taking of an estate is necessary, the intention of the testator will be presumed; and when the intention is clear, an estate in the trustee will vest by implication."

See, also, 69 C. J. 761, § 1863.

We think it clear from a reading of the will the testator intended his named trustees, or their successors, take and hold the estate, real, personal and mixed, and perform the duties incumbent upon them by reason of the seventh paragraph, or authorized thereby, and under the second paragraph pay to the widow the net income, or a portion of the corpus of the estate, and after her death, under the third paragraph, pay the net income to the son and daughter during their · respective lifetimes, the remainder to go as provided in the fourth, fifth and possibly sixth paragraphs of the will. Appellants also argue there is no trust because the legal and equitable titles have come together and that one cannot be a trustee for himself. They direct our attention to 26 R. C. L. 1186, reciting:

"A fundamental essential to the existence of any trust is the separation of the legal estate from the beneficial enjoyment; and no trust can exist where the same person possesses both. Even in the case of a trust created or continued in the party from whom the bounty emanates, the transaction must show that the entire equitable interest is parted with. If the legal and equitable estates come together in the same person the equitable is merged in the

legal, and the trust is terminated. Absolute control and power of disposition are inconsistent with the idea of a trust. It has been said, however, that a trust does not fail by the appointment of a beneficiary as trustee."

We find the matter also discussed in 65 C. J. 572 (Trusts, § 337), where it is said:

"While it has been stated very broadly and with great positiveness that the same person cannot be both trustee and beneficiary, this doctrine results from that of merger of estates rather than from any imcompatibility of interest between the trustee and cestui que trust. It is undoubtedly true that the same person cannot be at the same time sole trustee and sole beneficiary of the same identical interest; or, in other words, that a trust cannot exist where the legal and beneficial interests are in the same person. But the prohibition against the dual relationship is directed against the same interest, and a cestui que trust is not absolutely prohibited from occupying the office of trustee, especially where he is only one of several trustees, or where he is a trustee for himself and others, and as long as the trustee is not the sole beneficiary, it is no objection to the validity of a trust that the trustee named is one of the beneficiaries. It is, however, repugnant to the general theory of trusts that a trustee who is also a beneficiary should be given the right to expend the entire trust in accordance with his own judgment and for his own use and enjoyment."

In Restatement, Trusts, § 99 (4) it is stated:

"If there are several beneficiaries of a trust, the beneficiaries may be the trustees."

And in the same text, § 115 (4), is the converse:

"If there are several trustees of a trust, the trustees may be the beneficiaries of the trust."

While it may be said superficially that the trustees have legal title for themselves as beneficiaries, a more critical examination of the will discloses that the rights of the widow, son and daughter as beneficiaries are not common to each, that no trustee holds legal title for himself to the exclusion of the others, and that the legal title in all the trustees is much restricted in that they may not mortgage the farm land nor may they sell it "during the life of my children."

In considering application of the doctrine of merger of title in a will case, it was held in *Bullock v. Wiltberger*, 92 Kan. 900, 142 Pac. 950:

"It is the testator's intention which must always control in the construction of a will, and this must be gathered from the language of the entire will interpreted by the application of legal principles.

"Sometimes technical rules must be applied because the intention is obscured by vague or doubtful expressions, but such rules of construction ought never to be resorted to where their application defeats the manifest intention of the testator.

"The doctrine of merger, which is largely a matter of theory, ought not to be employed to defeat the intent of the testator and to extinguish the rights of persons who are strangers and not parties to the transaction." (Syl. ¶¶ 1, 2, 3.)

We are of opinion that under the will the interests of the beneficiaries are not common to each other, that each trustee is to look after the interest of all beneficiaries, that each beneficiary is interested in what all of the trustees may do in the management and control of his estate, and there being specific provision for succession of trustees, that it may not be said that any beneficiary is trustee for himself alone. Insofar as merger of the legal and equitable estates is concerned, we are of opinion the intention of the testator is too clear to permit it to be defeated or destroyed by application of the doctrine.

In view of what has been said, it follows that the appellants are holders only of life estates in the benefits conferred under the will and cannot maintain an action to partition the real estate as against the remaindermen. (*Love v. Blauw,* 61 Kan. 496, 59 Pac. 1059, 48 L. R. A. 257; *Bartram v. Kemp,* 113 Kan. 246, 214 Pac. 96.)

It is conceded by appellants that the guardian *ad litem* is entitled to an allowance for his services in this court, and upon consideration that allowance is fixed at two hundred dollars.

The judgment of the trial court is affirmed.